UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4923

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTWAUN MAURICE WINBUSH, a/k/a Nick, a/k/a Antwan Winbush,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:10-cr-00200-1)

Submitted:  May 8, 2012                     Decided:  May 16, 2012

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwaun Maurice Winbush appeals from his conviction and 151-month sentence following his guilty plea, pursuant to a plea agreement, to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Winbush's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Winbush's sentence is substantively reasonable. Winbush was advised of his right to file a pro se supplemental brief but did not do so. The Government has moved to dismiss, asserting the appeal is precluded by the waiver of appellate rights in Winbush's plea agreement. We grant the motion in part, affirm in part, and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002). Whether a defendant validly waived his appeal rights is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

Our review of the record leads us to conclude that Winbush knowingly and voluntarily waived the right to appeal his sentence. We therefore grant in part the Government's motion to dismiss, and dismiss the appeal of Winbush's sentence.[*]

Winbush did not waive his right to appeal his conviction. As required by Anders, we have reviewed the entire record and have found no issues that are meritorious and outside the scope of the waiver. We therefore affirm Winbush's conviction. We deny as moot the Government's motion to suspend time for filing Appellee's brief.

This court requires that counsel inform Winbush, in writing, of his right to petition the Supreme Court of the United States for further review. If Winbush requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

---

[*] According to the plea agreement, Winbush retained the right to appeal the district court's determination of his Guidelines range if an objection properly preserved the issue at the sentencing hearing. However, no such objection was made. Winbush's waiver also preserved the right to raise sentencing claims based on ineffective assistance of counsel not known to Winbush at the time of his plea. He does not raise such a claim. Further, unless an attorney's ineffectiveness conclusively appears on the face of the record, which is not the case here, ineffective counsel claims should be raised in a motion under 28 U.S.C.A. § 2255 (West Supp. 2011), rather than on direct appeal. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).

3

state that a copy thereof was served on Winbush. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART