**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-6054

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARNETT ALISON HODGE,

Defendant - Appellant.

_____

TONY LLOYD JOHNSTON,

Amicus Curiae.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:10-cr-00441-CCE-1; 1:16-cv-00781-CCE-LPA)

Argued: May 10, 2018                    Decided: August 22, 2018

Before GREGORY, Chief Judge, WYNN, and THACKER, Circuit Judges.

Reversed and remanded by published opinion. Chief Judge Gregory wrote the opinion, in which Judge Wynn and Judge Thacker joined.

**ARGUED:** John Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Lisa M. Lorish, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Amicus Curiae. Michael Francis Joseph,

OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Matthew G.T. Martin, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. Larry W. Shelton, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Amicus Curiae.

———————

GREGORY, Chief Judge:

Garnett Alison Hodge received a mandatory sentence enhancement under the Armed Career Criminal Act (ACCA) based on three prior convictions. One of those convictions no longer qualifies as an ACCA predicate in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). When Hodge filed a motion to vacate his sentence under 28 U.S.C. § 2255, the Government argued and the district court found that another conviction, listed in Hodge's PSR but never designated as an ACCA predicate, could replace the now-invalid predicate. We disagree. And, because Hodge has shown that his sentence is unlawful, we reverse and remand for resentencing.

I.

In December 2010, Hodge was indicted for federal drug and firearm offenses. He later pleaded guilty to possession with intent to distribute 8.2 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

The U.S. Probation Office prepared a Presentence Investigation Report (PSR). According to the PSR, Hodge qualified for a sentence enhancement under the ACCA, 18 U.S.C. § 924(e)(1). The ACCA provides that a person who violates 18 U.S.C. § 922(g)—as Hodge did here—and has three previous convictions for a "violent felony" or a "serious drug offense" committed on different occasions "shall be . . . imprisoned not less than fifteen years." *Id.* Hodge's PSR identified three ACCA predicate convictions: (1) a July 1992 Maryland conviction for felony possession of cocaine with intent to distribute, a

3

serious drug offense; (2) a July 1998 Maryland conviction for felony possession of cocaine with intent to distribute, another serious drug offense; and (3) a 1998 Maryland conviction for three counts of misdemeanor reckless endangerment, a violent felony.[1] In a separate "criminal history" section, the PSR listed at least seven other convictions not designated as ACCA predicates, including another Maryland conviction for felony possession of cocaine with attempt to distribute from March 1992.

Based on the offenses of conviction and Hodge's criminal history, Hodge faced a minimum of fifteen years (180 months) and a maximum of life in prison. The § 841(a)(1) drug conviction entailed a ten-year mandatory minimum and a maximum sentence of life under 21 U.S.C. § 841(b)(1)(B).[2] With the ACCA enhancement, the § 922(g)(1) firearm conviction carried a fifteen-year mandatory minimum sentence. *See* 18 U.S.C. § 924(e)(1). Meanwhile, the sentencing guidelines prescribed a total offense level of 31 and a criminal history category of VI, resulting in a guideline range of 188 to 235 months.

---

[1] Specifically, the PSR read,

Since the instant offense is a conviction for 18 U.S.C. § 922(g)(1) and the defendant is subject to the enhanced penalties provided by 18 U.S.C. § 924(e)(1), the defendant is an armed career criminal . . . . *{See convictions for Felony Possession of Cocaine with Intent to Distribute (CR920256X), Felony Possession of Cocaine with Intent to Distribute (CT931562B), and three counts of Misdemeanor Reckless Endangerment (70137).*

J.A. 160.

[2] Per 21 U.S.C. § 851(a)(1), the Government had filed a timely "Information of Prior Conviction" with the court, requesting that Hodge be subjected to this increased penalty because he previously had been convicted of possession with intent to sell cocaine and attempt to traffic cocaine under North Carolina law, N.C. Gen. Stat. § 90-95(a), (h)(3). *See* 21 U.S.C. §§ 841(b)(1)(B), 851(a)(1).

Neither Hodge nor the Government objected to anything in the PSR. At a September 2011 hearing, the sentencing court adopted the PSR without change. The court then sentenced Hodge to 188 months for the drug conviction and 204 months for the firearm conviction, to run concurrently.

Hodge appealed, but his appeal was dismissed based on an appeal waiver in his plea agreement. In June 2014, Hodge filed a § 2255 motion, challenging the § 841(a)(1) drug conviction under *Alleyne v. United States*, 570 U.S. 99 (2013), and the § 922(g)(1) firearm conviction under *Descamps v. United States*, 570 U.S. 254 (2013). The district court dismissed this § 2255 motion on timeliness grounds.

In June 2016, this Court granted Hodge permission to file a second § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (hereinafter "*Johnson II*"[3]), which substantially narrowed the ACCA's definition of "violent felony," and *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that *Johnson II* applies retroactively on collateral review. When Hodge was sentenced, the ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that either

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause]; or

---

[3] The Supreme Court's 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is not to be confused with its 2010 decision in *Johnson v. United States*, 559 U.S. 133 (2010) (often referred to as "*Johnson I*"). The former addressed the ACCA's residual clause, *see Johnson II*, 135 S. Ct. at 2555–56, and the latter addressed the ACCA's force clause, *see Johnson I*, 559 U.S. at 136, 138–40. Although this case does not involve *Johnson I*, we use the abbreviation *Johnson II* for clarity.

(ii) is burglary, arson, or extortion, involves use of explosives [the enumerated crimes clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].

18 U.S.C. § 924(e)(2)(B). *Johnson II*, however, struck down the residual clause as unconstitutionally vague. *See* 135 S. Ct. at 2563. In his second § 2255 motion, Hodge argued that his ACCA-enhanced sentence is now invalid: Without the ACCA's residual clause, Hodge contended, his reckless-endangerment conviction no longer qualifies as an ACCA predicate. And, without the reckless-endangerment conviction, he has only two ACCA predicates—the July 1992 and July 1998 Maryland convictions for felony possession of cocaine with attempt to distribute.

Initially, the Government agreed. In its response to Hodge's § 2255 motion, the Government conceded that the reckless-endangerment conviction was not a "violent felony" under the ACCA post-*Johnson II*. Because an ACCA sentence enhancement requires three predicate offenses and Hodge had only two, the Government recommended that Hodge be resentenced.

Ten days later, however, the Government reversed course. In a supplemental response to Hodge's § 2255 motion, the Government argued that Hodge continued to qualify for the ACCA sentence enhancement notwithstanding *Johnson II* because he had a third conviction for Maryland felony possession of cocaine with attempt to distribute from March 1992. The Government asserted that this conviction—like Hodge's July 1992 and July 1998 convictions for the same offense—qualifies as an ACCA predicate, even though the PSR did not identify it as one.

6

In December 2016, the district court denied Hodge's second § 2255 motion. *Hodge v. United States*, No. 1:16-cv-781, 2016 WL 7480397, at *1 (M.D.N.C. Dec. 29, 2016). The court assumed without deciding that Maryland's misdemeanor reckless-endangerment offense no longer qualifies as an ACCA predicate. *Id.* at *2. But the court agreed with the Government that Hodge's March 1992 conviction for felony possession of cocaine with intent to distribute does qualify as an ACCA predicate. *Id.* at *4. The court reasoned that, when presented with a *Johnson II*-based § 2255 motion, courts "should ordinarily examine the defendant's entire criminal record to determine whether he has three qualifying convictions for an ACCA-enhanced sentence." *Id.* at *3. Because Hodge's record contained three convictions that could qualify as ACCA predicates, the court determined that Hodge was properly sentenced as an armed career criminal under the ACCA and was not entitled to § 2255 relief. *Id.* at *4.

The district court nonetheless issued a certificate of appealability, and Hodge timely appealed.

## II.

We begin by noting that Hodge's § 2255 motion is procedurally proper. Federal prisoners who seek relief in a second or successive § 2255 motion must show that their claim relies on either newly discovered evidence or a new rule of constitutional law. *See* 28 U.S.C. § 2244(b)(2); *id.* § 2244(b)(4) (providing that "district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements"

7

in § 2244(b)(2)); *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (recognizing that § 2255 incorporates § 2244(b)'s requirements).  A *Johnson II*-based § 2255 motion relies on a new rule of constitutional law, and thus clears this procedural hurdle, when the petitioner's ACCA-enhanced sentence "may have been predicated on application of the now-void residual clause." *Winston*, 850 F.3d at 682.  Here, the Government has conceded that Hodge's ACCA enhancement was predicated on application of the residual clause because Hodge's Maryland reckless-endangerment conviction—one of the three predicate convictions supporting that enhancement—"only could qualify as a 'violent felony' under the 'residual clause.'"  J.A. 122.  We therefore proceed to the merits of the motion.

III.

To prevail on a § 2255 motion to vacate, the petitioner must show that his sentence is unlawful on one of the grounds specified in § 2255(b).  *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (citing *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007)).  Specifically, the petitioner must demonstrate that "the judgment was rendered without jurisdiction," "the sentence imposed was not authorized by law or otherwise open to collateral attack," or "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255(b).  Thus, the question before us is whether Hodge can show that his ACCA-enhanced sentence is unlawful where the sentencing court relied on three ACCA predicate convictions, one of those three predicates is no longer valid, and the Government has

8

pointed to yet another potential ACCA predicate conviction that was listed in his PSR but never designated nor relied upon as an ACCA predicate.

The district court concluded that he could not. We review that determination de novo. *See United States v. Carthorne*, 878 F.3d 458, 464 (4th Cir. 2017).

## A.

A sentence is unlawful within the meaning of § 2255 when it was enhanced under the ACCA based on three ACCA predicate convictions and one or more of those predicates is invalid. *See United States v. Newbold*, 791 F.3d 455, 457, 461, 464 (4th Cir. 2015); *see also United States v. Middleton*, 883 F.3d 485, 487, 493 (4th Cir. 2018) (granting § 2255 relief where sentencing court had imposed ACCA sentence enhancement based on three predicate convictions, and post-*Johnson II*, one of those convictions no longer qualified as ACCA predicate).

Hodge's ACCA-enhanced sentence rests on the three convictions designated in his PSR as ACCA predicates—the July 1992 and July 1998 Maryland possession-with-intent-to-distribute-cocaine convictions and the Maryland reckless-endangerment conviction. The U.S. Probation Office could have designated additional convictions as ACCA predicates in the PSR but, for whatever reason, it chose not to. And the Government could have asked the sentencing court to recognize additional convictions as ACCA predicates but, for whatever reason, it likewise chose not to. Absent any objection, the sentencing court adopted the PSR's finding that Hodge had three, and only three, ACCA-qualifying predicates, and it applied the ACCA's fifteen-year mandatory minimum sentence on that basis.

Under *Johnson II*, one of those three ACCA predicates—the Maryland reckless-endangerment conviction—cannot support an ACCA sentence enhancement. *Johnson II* held that increasing a defendant's sentence based on a conviction that qualifies as a violent felony only under the ACCA's residual clause violates the Constitution's guarantee of due process. 135 S. Ct. at 2563. Maryland reckless endangerment constitutes a "violent felony" only under the ACCA's residual clause. The Government has conceded as much, and we agree. *See Middleton*, 883 F.3d at 498 (Floyd, J., writing for the plurality) ("[T]he ACCA force clause [] requires a higher degree of *mens rea* than recklessness."); *Jones v. State*, 745 A.2d 396, 406 (Md. 2000) ("The elements of a prima facie case of reckless endangerment are:  1) that the defendant engaged in conduct that created a substantial risk of death or serious physical injury to another; 2) that a reasonable person would not have engaged in that conduct; and 3) that the defendant acted recklessly."); *Minor v. State*, 605 A.2d 138, 141 (Md. 1992) ("[G]uilt under the [reckless-endangerment] statute does not depend upon whether the accused intended that his reckless conduct create a substantial risk of death or serious injury to another."). Thus, by imposing a fifteen-year mandatory minimum sentence based in part on the reckless-endangerment conviction, the sentencing court violated Hodge's due process rights. *See Johnson II*, 135 S. Ct. at 2563.

Accordingly, we find that Hodge has carried his burden of demonstrating that his ACCA-enhanced sentence is unlawful.

## B.

We reject the Government's attempt to revive Hodge's ACCA enhancement by arguing for the first time, on collateral review, that the March 1992 possession-with-intent-

to-distribute-cocaine conviction could serve as a substitute predicate. The Government failed to provide Hodge with sufficient notice of its intent to use this conviction to support an ACCA enhancement. Therefore, the Government has lost its right to use the conviction to prevent Hodge from obtaining relief now.

1.

Defendants have "a right to adequate notice of the government's plan to seek [an ACCA] enhancement and of the convictions that may support that enhancement." *United States v. O'Neal*, 180 F.3d 115, 125–26 (4th Cir. 1999) (citations omitted). Such notice is necessary to give the defendant "an opportunity to contest the validity or applicability of the prior convictions upon which [the] statutory sentencing enhancement is based." *United States v. Moore*, 208 F.3d 411, 414 (2d Cir. 2000). This is typically done by listing the supporting convictions in the defendant's PSR. *See* Fed. R. Crim. P. 32(d); *O'Neal*, 180 F.3d at 126.

Where the PSR specifically designates certain convictions as ACCA predicates and declines to designate others, it notifies the defendant that only the designated predicates will be used to support the ACCA enhancement. Indeed, this express identification of some convictions as ACCA predicates implies an intentional exclusion of the others. *See, e.g.*, *Reyes-Gaona v. N.C. Growers Ass'n*, 250 F.3d 861, 865 (4th Cir. 2001) (applying doctrine of *expressio unius est exclusio alterius*); *see also NLRB v. SW Gen., Inc.,* 137 S. Ct. 929, 940 (2017) ("If a sign at the entrance to a zoo says 'come see the elephant, lion, hippo, and giraffe,' and a temporary sign is added saying 'the giraffe is sick,' you would reasonably assume that the others are in good health."). And the PSR's apparently intentional

11

exclusion of some convictions from the group of convictions supporting an enhancement tells the defendant that he need not challenge the excluded convictions. Requiring defendants to object to these excluded convictions in anticipation of arguments the Government might make in a subsequent proceeding would undermine the adversarial process: It would place defense counsel in the precarious position of flagging potential predicates that neither the U.S. Probation Office nor the Government had contemplated, likely to the defendant's detriment.

Here, because the PSR designated only three convictions as ACCA predicates, Hodge did not have adequate notice that additional convictions would be used to support his ACCA sentence enhancement. The PSR plainly excluded the March 1992 possession-with-intent-to-distribute-cocaine conviction from the group of designated ACCA predicates—even though the group of designated predicates included two convictions for the same offense. That the March 1992 conviction was for the same offense as two designated convictions strongly suggests that its exclusion was deliberate. *See Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (explaining that *expressio unius* doctrine applies with greatest force "when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence" (quoting *United States v. Vonn*, 535 U.S. 55, 65 (2002))).[4] And

---

[4] The Government suggests that the PSR failed to designate the March 1992 conviction as an ACCA predicate only because doing so was unnecessary; at the time, Hodge had three valid ACCA-qualifying convictions without it. But the U.S. Probation Office *often* designates more than three convictions as ACCA predicates. *See, e.g.*, *Winston*, 850 F.3d at 680 (four); *United States v. White*, 836 F.3d 437, 440 (4th Cir. 2016)

nothing in the sentencing proceedings indicated otherwise: The Government never objected to the PSR, and the sentencing court never mentioned the March 1992 conviction. Moreover, the March 1992 conviction carried zero criminal history points. So not only did the PSR convey that this conviction would not be used to support an ACCA enhancement, but it also conveyed that the conviction would not be used in calculating Hodge's criminal history category and Sentencing Guidelines range.

In sum, when the Government or the sentencing court chooses to specify which of the convictions listed in the PSR it is using to support an ACCA enhancement, it thereby narrows the defendant's notice of potential ACCA predicates from all convictions listed in the PSR to those convictions specifically identified as such.

2.

Because the PSR did not designate the March 1992 possession-with-intent-to-distribute-cocaine conviction as an ACCA predicate, and the Government never objected to the PSR's characterization of Hodge's prior convictions, the Government cannot use the March 1992 conviction to preserve Hodge's ACCA enhancement on collateral review.

A "thorough" PSR is "essential in determining the facts relevant to sentencing." *See* U.S.S.G. § 6A1.1 (commentary). Both the defendant and the Government are required to make any objections they may have to the information in the PSR at or before sentencing. Fed. R. Crim. P. 32(f); U.S.S.G. § 6A1.2(b); *see also United States v. Canty*, 570 F.3d 1251, 1256 (11th Cir. 2009) ("We require litigants to make all their objections to a

_____

(four); *United States v. Burleson*, 815 F.3d 170, 171 (4th Cir. 2016) (five); *Pettiford*, 612 F.3d at 273 (initially eight but, after objection, five).

13

sentencing court's findings of fact, conclusions of law, and the manner in which the sentence was imposed at the initial sentencing hearing. The rule applies to the defense and the prosecution alike." (citations omitted)). This requirement reflects the general principle that, "[i]f a litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding, he must object in order to preserve the issue." *Puckett v. United States*, 556 U.S. 129, 134 (2009); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 357 (2006) (explaining that "the basic framework of an adversary system . . . require[s] parties to present their legal claims at the appropriate time for adjudication.").

Generally, a defendant's failure to challenge the PSR's designation of a particular conviction as an ACCA predicate in a timely manner bars him from raising such a challenge on collateral review. *See Sanchez-Llamas*, 548 U.S. at 351; *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994). We see no reason to hold the Government to a different standard. Indeed, the Supreme Court has recently stated that "the public legitimacy of our justice system relies on procedures that are neutral, accurate, consistent, trustworthy, and fair." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018) (internal quotation marks and citation omitted).

Many of the reasons courts have cited for enforcing the forfeiture rule against defendants apply equally to the Government's failure to timely object. For one, such enforcement "prevents a litigant from 'sandbagging' the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor." *Puckett*, 556 U.S. at 134. And "sandbagging is not the only evil to be feared. What is to be feared even more is a lessening of counsel's diligent efforts" to bring issues to the court's

14

attention. *Henderson v. United States*, 568 U.S. 266, 286 (2013) (Scalia, J., dissenting). Not to mention, "it is unfair to allow parties to surprise one another with new arguments that they did not make at the appropriate procedural juncture." *United States v. Fernandez-Jorge*, 894 F.3d 36, 54 n.16 (1st Cir. 2018).

Here, the Government "has already been given one full and fair opportunity to offer whatever" support for Hodge's ACCA enhancement "it could assemble." *See United States v. Parker*, 30 F.3d 542, 553 (4th Cir. 1994). Nothing precluded the Government from asking the U.S. Probation Office or the sentencing court to designate the March 1992 conviction as an ACCA predicate during the sentencing proceedings. "Having failed to seize that opportunity," the Government "should not be allowed to introduce" that conviction as an additional predicate for the first time on collateral review. *See id.*

Permitting the Government to use such latent convictions for the first time "at this stage would unfairly deprive petitioner[s] of an adequate opportunity to respond." *Cf. Giordenello v. United States*, 357 U.S. 480, 488 (1958). Whereas at sentencing the Government has the burden of proving by a preponderance of the evidence that the defendant has three prior ACCA-qualifying convictions committed on different occasions, *United States v. Archie*, 771 F.3d 217, 223 (4th Cir. 2014), on collateral review the defendant has the burden of proving that the convictions supporting his ACCA enhancement are infirm, *see Pettiford*, 612 F.3d at 277–78. Moreover, the opportunities for review of a habeas court's decision regarding the use of a particular conviction as an ACCA predicate are far more limited than the opportunities for review of a sentencing court's decision regarding the same. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice

15

or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255.").

We therefore hold that the Government must identify all convictions it wishes to use to support a defendant's ACCA sentence enhancement at the time of sentencing. The Government cannot identify only some ACCA-qualifying convictions at sentencing—thereby limiting the defendant's notice of which convictions to contest—and later raise additional convictions to sustain an ACCA enhancement once the burden of proof has shifted to the defendant. Here, the PSR designated some but not all of Hodge's prior convictions as ACCA predicates. The Government endorsed this selection of predicate convictions by not objecting to it at sentencing. We will not allow the Government to change its position regarding which convictions support Hodge's ACCA enhancement now that one of its original choices—the reckless-endangerment conviction—cannot do the job.

Notably, the Eleventh Circuit has reached the same conclusion. In *Bryant v. Warden, FCC Coleman-Medium*, the court considered whether a defendant could bring a habeas petition after a change in the law precluded one of the three convictions supporting his ACCA sentence enhancement from qualifying as an ACCA predicate. 738 F.3d 1253, 1256–57 (11th Cir. 2013), *overruled on other grounds by McCarthan v. Director of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017). The government argued that a prior burglary conviction, not previously identified as an ACCA predicate, could replace the now-invalid predicate. *Id.* at 1279. The Eleventh Circuit disagreed:

> The government never objected to [the district court's finding that the defendant had only three ACCA predicates]. Despite repeated opportunities to do so at sentencing, the government also never suggested at any point that

16

Bryant's 1988 burglary conviction could serve as [an ACCA]-qualifying felony. . . . Therefore, we deny the government's request to substitute the burglary conviction.

*Id.* (citations omitted). In a similar case, where the defendant challenged an ACCA predicate conviction not on collateral review but on direct appeal, the Eleventh Circuit stated,

> The PS[R]—and the district court—relied only on the other three felony convictions in support of the ACCA enhancement, and the government at sentencing never advanced an argument that any other prior conviction listed in the PS[R] supported an enhanced sentence. The government cannot offer for the first time on appeal a new predicate conviction in support of an enhanced ACCA sentence. The argument should have been made prior to or during sentencing, allowing [the defendant] the opportunity to object and offering the sentencing court an opportunity to fairly consider the issue in the first instance.

*United States v. Petite*, 703 F.3d 1290, 1292 n.2 (11th Cir. 2013), *abrogated on other grounds by Johnson II*, 135 S. Ct. 2551.[5]

## C.

In denying Hodge relief, the district court relied primarily on our decision in *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010). But *Pettiford* rested on materially different facts.

---

[5] Ironically, the Government argues that *Hodge* "has defaulted by not objecting to the [March 1992] conviction at sentencing, on direct appeal, or in his first § 2255 motion." Gov't Br. 8. But, as amicus curiae Tony Johnston explained, this argument misses the mark. Hodge is not challenging the conviction itself—or raising any issue that could have been litigated at sentencing. Rather, he is arguing that in this § 2255 proceeding, the Government cannot rely on *any* conviction not previously designated as an ACCA predicate to support his current sentence.

There, we considered whether a § 2255 petitioner "should have been awarded habeas relief and had his sentence reopened on the ground that two of the five convictions used to support his sentence were later vacated." *Id.* at 277. The petitioner's PSR had designated five prior convictions as ACCA predicates. *Id.* at 273. After a state court vacated two of those five convictions, the petitioner had filed a § 2255 motion, challenging his ACCA sentence enhancement. *Id.* at 274. We held that a habeas petitioner is not "entitled to § 2255 relief after successfully attacking some of his predicate sentences if those vacated convictions are not necessary for the armed career criminal designation." *Id.* at 277, 280. Specifically, we found that the petitioner could not challenge his ACCA sentence enhancement because he had three remaining ACCA predicate convictions to support it.

Here, Hodge is entitled to § 2255 relief because his reckless-endangerment conviction was necessary for his armed career criminal designation. Unlike the PSR in *Pettiford*, which designated five ACCA predicates, Hodge's PSR designated only three ACCA predicates. *See id.* at 273. When *Johnson II* invalidated the reckless-endangerment conviction as a predicate for Hodge's ACCA enhancement, only two designated ACCA predicates remained. And two predicate convictions cannot sustain a fifteen-year mandatory minimum sentence under the ACCA. *See* 18 U.S.C. § 924(e)(1).[6]

---

[6] Certainly, the invalidation of a predicate conviction does not "automatically entitle[] a petitioner to habeas relief without further inquiry." *Pettiford*, 612 F.3d at 278. But further inquiry here demonstrates that Hodge is entitled to relief: Without the reckless-endangerment conviction, the Government lacked the requisite number of ACCA predicates to save Hodge's enhanced sentence.

In short, *Pettiford* simply did not address the question presented here—whether the government may use a conviction never before designated as an ACCA predicate to support an ACCA sentence enhancement on collateral review. Indeed, in *Pettiford*, we repeatedly referred to the defendant's three remaining convictions as "predicate convictions," giving weight to the fact that the convictions previously had been designated as ACCA predicates. *See, e.g.*, 612 F.3d at 278 ("After the vacatur of the two 2002 convictions, three *predicate convictions* remained in Pettiford's record." (emphasis added)); *id.* at 280 ("Pettiford never challenged his three remaining *predicate convictions* at sentencing or on direct appeal[.]" (emphasis added)); *id.* ("Pettiford maintains that cause existed to excuse his default because he had no legal basis to challenge the *predicate convictions* at the original sentencing." (emphasis added)). As explained above, designating a conviction as an ACCA predicate has significance, and the Government's decision to designate only three ACCA predicates here (or not to designate the March 1992 conviction as such) makes this case fundamentally different.[7]

IV.

For the foregoing reasons, we reverse the district court's decision denying Hodge's § 2255 motion to vacate, and we remand for resentencing.

*REVERSED AND REMANDED*

---

[7] The district court also cited to our opinion in *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), to support its decision. While *Newbold* does contain language that could be read as advising district courts to review the entire PSR for ACCA-qualifying convictions prior to granting § 2255 relief, the issue was not squarely presented, and that language was not necessary to *Newbold*'s holding. *See* 791 F.3d at 459 & n.5.