**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7148**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ANTWAUN MAURICE WINBUSH, a/k/a Nick, a/k/a Antwaun Winbush,

        Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:10-cr-00200-1; 2:13-cv-24112)

Argued: March 19, 2019                    Decided: April 23, 2019

Before GREGORY, Chief Judge, DIAZ, and HARRIS, Circuit Judges.

Reversed and remanded by published opinion. Chief Judge Gregory wrote the opinion, in which Judge Diaz and Judge Harris joined.

**ARGUED:** Rajesh Ram Srinivasan, KATTEN MUCHIN ROSENMAN LLP, Washington, D.C., for Appellant. Drew Oliver Inman, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Robert T. Smith, KATTEN MUCHIN ROSENMAN LLP, Washington, D.C., for Appellant. Michael B. Stuart, United States Attorney, John J. Frail, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

GREGORY, Chief Judge:

This appeal stems from the district court's dismissal of Antwaun Winbush's petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. Winbush brought a claim for ineffective assistance of counsel based on his counsel's failure to challenge his designation as a career offender under the Sentencing Guidelines. The district court found that one of the predicate offenses identified by the State did not qualify as a crime of violence and thus could not support a career offender designation. The district court nevertheless found no prejudice from counsel's error, because it concluded that the career offender designation could be supported by another conviction in Winbush's record, even though the State did not identify this conviction as a basis for the designation at sentencing. Winbush argues on appeal that this substitution was impermissible under our jurisprudence and at any rate that his conviction for robbery does not qualify as a crime of violence. Because the district court erred in substituting a previously unidentified conviction to sustain Winbush's career offender designation, we reverse and remand with direction to resentence Winbush without a career offender enhancement.

I.

In 2011, Winbush pleaded guilty to one count of possession with intent to distribute cocaine base. Under an appellate waiver included in the plea agreement, Winbush retained his right to object to the district court's determination of the Sentencing Guidelines range and to raise an ineffective assistance of counsel claim on direct appeal or collateral review.

At the sentencing hearing, the district court determined that Winbush was a career offender under United States Sentencing Guidelines (USSG) § 4B1.1 based on two prior felony convictions of controlled substance offenses: trafficking cocaine and illegal conveyance of drugs onto the grounds of a detention facility. The district court sentenced Winbush to 151 months in prison, and this Court affirmed the sentence. *See United States v. Winbush*, 473 F. App'x 250 (4th Cir. 2012).

Winbush then filed the instant § 2255 petition to vacate, set aside, or correct his sentence on several grounds. As relevant here, he contended that his defense counsel was ineffective for failing to argue that he was not a career offender. The magistrate judge determined that Winbush was a career offender and found that counsel was not ineffective for failing to raise a meritless claim. Winbush objected to the magistrate's recommendation to dismiss his ineffective assistance of counsel claim. The district court, reviewing the magistrate's recommendation, requested further briefing from the government as to: (1) whether the illegal conveyance conviction was simply a possession charge rather than a controlled substance offense that could support a career offender designation; and (2) whether Winbush's prior Ohio conviction for third-degree robbery was a predicate "crime of violence" for career offender purposes. In response, the government conceded that Winbush's prior felony conviction for illegal conveyance of drugs onto the grounds of a detention facility was in fact not a qualifying controlled substance offense for career offender purposes, because it did not have the requisite intent element. J.A. 136. However, the government contended that Winbush remained a career offender because his Ohio robbery conviction was a crime of violence.

After the additional briefing, the district court dismissed Winbush's petition. The court adopted the magistrate's report and recommendation except as to the magistrate's finding that Winbush's prior illegal conveyance conviction was a controlled substance offense. J.A. 189. The district court found that the Ohio robbery conviction constituted a crime of violence for career offender purposes under both the "force" and "enumerated offense" clauses of USSG § 4B1.2(a) and that Winbush therefore had the requisite two prior convictions for career offender purposes. Accordingly, the district court concluded that counsel was not ineffective for failing to raise a meritless challenge to Winbush's receiving a sentence as a career offender.

Winbush now appeals the district court's dismissal of his petition. In an appeal from a dismissal of a § 2255 petition, this Court reviews a district court's "legal conclusions *de novo* and its findings of fact for clear error." *United States v. Roane*, 378 F.3d 382, 395 (4th Cir. 2004).

## II.

Winbush argues that his counsel was constitutionally ineffective for failing to challenge his career offender status. This Court uses the test established in *Strickland v. Washington* to assess ineffective assistance of counsel claims. 466 U.S. 668 (1984). To succeed on such a claim, a defendant must show that: (1) "counsel's performance fell below an objective standard of reasonableness"; and (2) "the deficient representation prejudiced the defendant." *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017) (internal citation omitted).

4

The government does not appear to dispute the performance prong. Indeed, it would be difficult to do so, as counsel's failure to identify and object to a legal error that was later recognized by both the government and the district court fell below "prevailing professional norms or duties." *Id.* (internal citation omitted). The government focuses instead on prejudice. It contends that Winbush cannot show prejudice, because even if his counsel had objected that the illegal conveyance of drugs charge did not qualify as a prior controlled substance offense, the district court could have sentenced Winbush as a career offender based on his second controlled substance offense coupled with the Ohio robbery conviction. Winbush argues that our holding in *United States v. Hodge* prohibits the government from substituting his robbery conviction to maintain his career offender status when the government failed to designate that conviction at sentencing and designated other offenses instead. 902 F.3d 420 (4th Cir. 2018). We agree.

In *Hodge*, we held that the government must identify *at the time of sentencing* all convictions it wishes to use to support a defendant's sentence enhancement under the Armed Career Criminal Act ("ACCA"). *Id.* at 428. The defendant there was sentenced with an ACCA enhancement based on three prior convictions. *Id.* at 423–24. However, as in this case, it was later determined that one of the defendant's designated convictions failed to qualify as a predicate conviction. *Id.* at 425. When the defendant filed a § 2255 petition to vacate his sentence, the government argued–and the district court agreed–that another conviction listed in the defendant's Pre-Sentence Investigation Report ("PSR"), but never designated as an ACCA predicate, could replace the invalid predicate. *Id.*

5

We reversed the lower court's dismissal of Hodge's petition and remanded for resentencing. We reasoned that because the PSR had designated only three convictions as ACCA predicates, the defendant "did not have adequate notice that additional convictions would be used to support his ACCA sentence enhancement." *Id.* at 428. We explained, moreover, that important fairness and notice concerns underlie the well-established rule that both defendants *and* the government are required to raise any objections or arguments related to the PSR at or before sentencing. *Id.* at 429. Thus, the government "cannot identify only some ACCA-qualifying convictions at sentencing–thereby limiting the defendant's notice of which convictions to contest–and later raise additional convictions to sustain an ACCA enhancement once the burden of proof has shifted to the defendant" to demonstrate that the convictions supporting the ACCA are infirm. *Id.* at 430. Because the government "endorsed [the specified] selection of predicate convictions by not objecting to it at sentencing," we would "not allow the Government to change its position regarding which convictions support [the defendant's] ACCA enhancement now that one of its original choices . . . cannot do the job." *Id.*

Under the logic of *Hodge*, the district court erred in substituting Winbush's robbery conviction as a predicate conviction to sustain his career offender enhancement. The same concerns animating our decision in *Hodge* are present here. Winbush's PSR designated prior felony convictions only for controlled substance offenses and did not designate his robbery conviction as a predicate conviction for the career offender designation. The government did not object to the PSR at sentencing. Like the defendant in *Hodge*, Winbush was given no notice at sentencing that his robbery conviction could

6

be utilized as a predicate conviction for a career offender enhancement, and the government "has already been given one full and fair opportunity to offer whatever support" for the career offender enhancement "it could assemble." *Id.* at 429 (internal citation and quotation marks omitted). Because the government did not identify Winbush's robbery as a conviction it wished to use to support a career offender enhancement at the time of sentencing, it cannot raise it now that one of the convictions supporting the career offender designation has been determined to be infirm. *See id*. at 430. To hold otherwise would be to allow the government "to change its position regarding which convictions support [Winbush's career offender] enhancement now that one of its original choices [the illegal conveyance conviction] cannot do the job." *See id.* Worse yet, allowing the government to change positions for the first time on collateral review would "unfairly deprive" the defendant of "an adequate opportunity to respond" to predicate offense designations, especially given the fact that a defendant has the burden of proof at this stage but no right to counsel. *See id.* at 429 (internal citation omitted).

The government argues that *Hodge* is inapposite because it concerned the ACCA rather than the career offender designation. It is true, as the government notes, that the ACCA enhancement results in statutorily mandated sentence ranges while the career offender enhancement does not. But this difference does not mean that the career offender designation has no consequences for criminal defendants. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("The Guidelines' central role in sentencing means that an error related to the Guidelines can be particularly serious.").

7

Indeed, we have held that counsel's failure to object to a defendant's designation as a career offender can constitute deficient performance and results in prejudice. *United States v. Carthorne*, 878 F.3d 458 (4th Cir. 2017). In *Carthorne*, this Court observed that if the court had not found the predicate conviction to be a crime of violence, the defendant's Guidelines range would have been lower than the sentence actually imposed by the district court. *Id.* at 469. This was sufficient to demonstrate prejudice, because if counsel had objected, there was a "reasonable probability" that the district court would not have applied the career offender enhancement.[*] *Id.* at 470 (internal citation omitted); *see also Molina-Martinez*, 136 S. Ct. at 1345 ("When a defendant is sentenced under an incorrect Guidelines range–whether or not the defendant's ultimate sentence falls within the correct range–the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.")

Likewise, here, if Winbush's counsel had properly objected to the illegal conveyance conviction as a predicate offense, there is a reasonable probability that Winbush would not have been sentenced as a career offender. If Winbush is sentenced without a career offender enhancement, his Guidelines range could be as low as 110–137 months, 14–41 months lower than Winbush's sentence of 151 months. *See Glover v. United States*, 531 U.S. 198, 200–02 (2001) (finding prejudice where a defendant's sentence was likely 6–21 months higher than it would have been under the proper

---

[*] It should be noted that the Court reached this conclusion even though it had earlier held that the district court did not commit plain error in designating the defendant a career offender. *See Carthorne*, 878 F.3d at 461.

8

Guidelines range).  Thus, the government's attempt to distinguish *Hodge* from this case on the basis that the Guidelines are not mandatory falls flat, and Winbush is entitled to resentencing under the appropriate Guidelines range without a career offender designation.

## III.

For the foregoing reasons, we conclude that Winbush has successfully demonstrated that his counsel provided ineffective assistance, and he is thus entitled to be resentenced.  We further hold that the district court erred in substituting Winbush's robbery conviction to sustain his status as a career offender where the government chose to designate Winbush's drug convictions as predicate offenses at sentencing and not his robbery conviction.  We thus reverse the district court's denial of Winbush's § 2255 petition and remand with directions to resentence him without a career offender enhancement.

*REVERSED AND REMANDED*