**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6365**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HERBERT LEONARD GALLOWAY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Senior District Judge.  (4:12-cr-00821-TLW-1; 4:16-cv-00470-TLW)

Submitted: July 17, 2019                    Decided:  August 14, 2019

Before WILKINSON, FLOYD, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Herbert Leonard Galloway, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Leonard Galloway, Jr., who pled guilty pursuant to a plea agreement to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012), appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. Galloway was sentenced to 180 months in prison pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012) (ACCA). In his § 2255 motion, Galloway challenged his ACCA sentence on the ground that his prior South Carolina conviction for assault on a law enforcement officer (ALEO conviction) is no longer a valid ACCA predicate following *Johnson v. United States*, 559 U.S. 133 (2010) (holding that ACCA's residual clause definition of "violent felony" is unconstitutionally vague), and *United States v. Carthorne*, 726 F.3d 503, 515 (4th Cir. 2013) (holding that, under Virginia law, assault and battery of a police officer is not categorically a crime of violence under the Guidelines). The district court, primarily relying on its previous decision in *Jones v. United States*, Nos. 4:06-cr-01238-TLW-1, 4:16-cv-01447-TLW, 2018 WL 368723, *4-7 (D.S.C. Jan. 11, 2018), held that Galloway's ALEO conviction remained a "violent felony" under the ACCA's force clause, *see* 18 U.S.C. § 924(e)(2)(B)(i), and denied Galloway's § 2255 motion. The court nonetheless granted Galloway a certificate of appealability. *See* 28 U.S.C. § 2253 (2012). We vacate the district court's order and remand for further proceedings.

Where, as here, a district court has granted a certificate of appealability, we review de novo a district court's legal conclusions concerning the denial of § 2255 relief. *See United States v. Carthorne*, 878 F.3d 458, 464 (4th Cir. 2017). This plenary review

2

encompasses the question of whether a prior conviction qualifies as a "violent felony" under the ACCA. *See United States v. Smith*, 882 F.3d 460, 462 (4th Cir.), *cert. denied*, 138 S. Ct. 2692 (2018). A prisoner is entitled to § 2255 relief if he can "show that his sentence is unlawful[.]" *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *see* 28 U.S.C. § 2255(b) (recognizing that movant is entitled to § 2255 relief if his sentence "was not authorized by law"). As pertinent here, "[a] sentence is unlawful within the meaning of § 2255 when it was enhanced under the ACCA based on three ACCA predicate convictions and one or more of those predicates [becomes] invalid." *See Hodge*, 902 F.3d at 426. Put succinctly, an ACCA-enhanced sentence is illegal if a retroactive change in the applicable law leaves the enhancement unsupported by the necessary three predicate convictions. *See United States v. Newbold*, 791 F.3d 455, 460 (4th Cir. 2015) (explaining that "there are serious, constitutional, separation-of-powers concerns that attach to sentences above the statutory maximum penalty authorized by Congress" (internal quotation marks omitted)).

We find that Galloway is entitled to habeas relief. Notably, we recently vacated the decision upon which the district court primarily relied to deny Galloway's § 2255 motion. *See United States v. Jones*, 914 F.3d 893, 906 (4th Cir. 2019). In that appeal, we applied the categorical approach and determined that a prior conviction under S.C. Code Ann. § 16-9-320(B)—the same statute upon which Galloway's ALEO conviction was predicated—is not a violent felony under the ACCA's force clause. *See id.* at 903 ("Because South Carolina applies the [assaulting, beating, or wounding a law enforcement officer while resisting arrest] statute to conduct that does not involve the

3

use, attempted use, or threatened use of violent physical force against another, the . . . offense is not categorically a 'violent felony' under the ACCA's force clause."). Because Galloway's prior ALEO conviction is no longer a proper ACCA predicate, Galloway lacks the necessary number of predicates to support his ACCA status.

Accordingly, we vacate the district court's order denying Galloway's § 2255 motion and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4