**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6136**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER HAROLD GOINS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:10-cr-00107-FL-1; 7:16-cv-00095-FL)

Argued: December 11, 2020                                    Decided: March 3, 2021

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Jennifer Claire Leisten, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher H. Goins, Jr. filed a motion in the district court under 28 U.S.C. § 2255 to vacate or correct his sentence, contending that based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), he no longer qualified for an enhanced sentence under the Armed Career Criminal Act (the ACCA), 18 U.S.C. § 924(e)(1). Although the district court agreed that certain convictions designated as ACCA predicate offenses in the presentence report (PSR) did not support the sentence enhancement, the court nonetheless concluded that Goins still qualified as an armed career criminal based on other convictions not designated in the PSR. After the district court denied Goins' motion, the district court granted him a certificate of appealability.

Upon review of the parties' arguments, we hold that under our decision in *United States v. Hodge*, 902 F.3d 420 (4th Cir. 2018), the district court plainly erred in upholding Goins' sentence as an armed career criminal by substituting convictions not designated in the PSR as ACCA predicates. We therefore vacate the district court's judgment and remand the case for resentencing.

I.

In 2011, Goins pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (count one conviction), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (count two conviction). Before sentencing, a United States Probation Officer prepared a PSR stating that Goins' record qualified him to be sentenced as an armed career criminal. The ACCA subjects a defendant to an enhanced sentence if

3

he has at least three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

In the PSR, the probation officer designated four North Carolina convictions as ACCA predicates. The convictions were for (1) possession of cocaine, (2) possession of stolen goods or property, (3) assault with a deadly weapon, and (4) assault with a deadly weapon with intent to kill or inflict serious injury. The PSR also included eight additional criminal convictions that were not identified as ACCA predicate offenses. Neither party objected to any aspect of the PSR, which the district court fully adopted.

As a result of this ACCA enhancement, Goins was subject to a 15-year mandatory minimum sentence for the count one conviction under Section 922(g)(1). 18 U.S.C. § 924(e)(1). Without the ACCA enhancement, he would have been subject to a 10-year maximum sentence on that count. 18 U.S.C. § 924(a)(2). The district court sentenced Goins as an armed career criminal on the count one conviction to a term of 240 months' imprisonment, and to a concurrent term of 120 months' imprisonment on the count two conviction. On direct appeal, we affirmed the sentence imposed by the district court.

In 2016, Goins filed the present motion to vacate or correct his sentence under 28 U.S.C. § 2255. He contended that he no longer qualified as an armed career criminal because certain convictions designated in the PSR had been invalidated as ACCA predicates under the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) (holding that the residual clause of the ACCA is unconstitutionally vague).

The district court found that there was a "typographical error" in the PSR's designation of ACCA predicates. The court opined that the probation officer intended, but

4

failed, to designate as ACCA predicates the following prior convictions: (1) breaking and entering, under N.C. Gen. Stat. § 14-54; (2) assault with a deadly weapon inflicting serious injury, under N.C. Gen. Stat. § 14-32(b); (3) assault with a deadly weapon with intent to kill or inflict serious injury, under N.C. Gen. Stat. § 14-32(a); and (4) assault with a deadly weapon with intent to kill inflicting serious injury, under N.C. Gen. Stat. § 14-32(a). Concluding that three of these undesignated convictions qualified as ACCA predicate offenses, the court denied Goins' Section 2255 motion.[1]

## II.

On appeal, Goins asserts that the district court erred in accepting as ACCA predicates the convictions that were not designated for that purpose in the PSR. He argues that this action by the district court plainly violated the rule that we established in *United States v. Hodge*, 902 F.3d 420 (4th Cir. 2018).[2]

In the Section 2255 proceedings in the district court, Goins did not challenge the court's use of the undesignated convictions in upholding the ACCA enhancement.

---

[1] The district court determined that assault with a deadly weapon inflicting serious injury, under N.C. Gen. Stat. § 14-32(b), did not qualify as a "violent felony" under *Johnson* because the crime lacked a specific intent element. But the court found that the other three convictions listed above qualified as ACCA predicate offenses.

[2] Goins also contends that the district court erred in determining that his conviction in North Carolina for breaking and entering constitutes a violent felony under the ACCA. However, because we conclude that the district court plainly erred under *Hodge*, we do not address whether any of Goins' convictions properly qualify as ACCA predicates.

5

Therefore, because the issue was not raised in the district court, we review the district court's judgment for plain error. *United States v. Green*, 973 F.3d 208, 210 (4th Cir. 2020).

At the time that the district court considered Goins' Section 2255 motion, we had not yet issued our decision in *Hodge*, 922 F.3d 420. Although *Hodge* was decided after the district court denied Goins' motion, the court's decision is nonetheless subject to review for plain error on appeal. *See Henderson v. United States*, 568 U.S. 266, 269 (2013) (holding that as long as the error is plain at the time of appeal, the appellate court may consider the error); *United States v. Carthorne*, 878 F.3d 458, 464 (4th Cir. 2017) ("[T]he determination whether an error is plain is made at the time of review by an appellate court, not at the time that the error is committed.").

To demonstrate plain error, Goins must show that: "(1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). We will only correct the error if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citation, quotation marks, and brackets omitted).

In *Hodge*, we held that when the government failed to provide a defendant notice of its intent to use a prior conviction as an ACCA predicate offense, the government could not rely on that prior conviction in a collateral proceeding to preserve application of the ACCA enhancement. 902 F.3d at 428, 430. As we explained in *Hodge*, "[when] the PSR specifically designates certain convictions as ACCA predicates and declines to designate others, [the PSR] notifies the defendant that only the designated predicates will be used to support the ACCA enhancement." *Id.* at 427. We further held that the mere inclusion of

6

a prior conviction in the criminal history section of the PSR was insufficient to provide the required notice to the defendant that the government intended to rely on that conviction as an ACCA predicate. *Id.* at 424, 427-28. Accordingly, in *Hodge*, we reversed the district court's decision denying the Section 2255 motion and remanded the case for resentencing. *Id.* at 432.

Here, as noted above, Goins' PSR designated only four prior felony convictions as ACCA predicates: (1) possession of cocaine, (2) possession of stolen goods or property, (3) assault with a deadly weapon, and (4) assault with a deadly weapon with intent to kill or inflict serious injury. While the PSR referenced several other criminal convictions, the probation officer did not designate any of those other convictions as ACCA predicates. Also, the government did not object at the time of Goins' sentencing to the designation of ACCA predicates.

As the district court recognized, and the parties agree on appeal, three of the four convictions previously designated as ACCA predicates do not support the ACCA enhancement. In place of those three invalid ACCA predicates, the district court substituted other convictions not designated as ACCA predicates in upholding Goins' sentence as an armed career criminal. This substitution of offenses constituted plain error under *Hodge*, 902 F.3d at 430.

This *Hodge* error is not cured by the district court's conclusion that the PSR included a typographical error resulting in the improper designation of certain convictions as ACCA predicates. Regardless whether the PSR contained such an error, the fact remains that Goins was not given notice that any of those other convictions would be counted for

7

purposes of the ACCA enhancement. As discussed above, "[d]efendants have 'a right to adequate notice of the government's plan to seek [an ACCA] enhancement and of the convictions that may support that enhancement.'" *Id.* at 427 (alternation in original) (quoting *United States v. O'Neal*, 180 F.3d 115, 125-26 (4th Cir. 1999)). As a result, Goins was deprived of the ability to challenge the imposition of an enhanced sentence based on those purported ACCA predicates. *Id.* at 427-28.

For the same reasons, the *Hodge* error affected Goins' substantial rights. Most importantly, the lack of notice prevented him from preparing to contest the validity of the non-designated convictions or the applicability of the ACCA enhancement.[3] *Id.* Lacking notice of which convictions would be used to support the ACCA enhancement, Goins could not properly prepare for sentencing. *Id.* Accordingly, we hold that the error affected Goins' substantial rights.

Lastly, the error "seriously affect[ed] the fairness, integrity or public reputation of [the] judicial proceeding[]." *Olano*, 507 U.S. at 736. The failure to provide Goins notice deprived him of the opportunity to adequately prepare for his sentencing and to defend against imposition of the ACCA enhancement. Because the government bore the burden

---

[3] In determining whether the error impacted Goins' substantial rights, we do not consider what sentence Goins might ultimately receive on remand. Instead, we look to whether his substantial rights were affected at the time the district court considered the motion. *See United States v. Hughes*, 401 F.3d 540, 551 (4th Cir. 2005) ("[T]he proper focus is on what actually happened as a result of the error, not what might happen in a subsequent proceeding on remand."). Accordingly, we may conclude that Goins' substantial rights were affected by the *Hodge* error, even while acknowledging that convictions not designated as ACCA predicates in Goins' original PSR may be so designated in a new PSR prepared in advance of the resentencing hearing. *See United States v. Rumley*, 952 F.3d 528, 544–47 (4th Cir. 2020).

at Goins' sentencing to establish the basis for the ACCA enhancement, we will not permit the use of different convictions on collateral review to justify the ACCA enhancement after the evidentiary burden has shifted to the defendant. *Hodge*, 902 F.3d at 430. We therefore exercise our discretion to notice the error and to grant Goins relief.

## III.

For these reasons, we vacate the district court's judgment denying Goins' Section 2255 motion and remand the case to the district court for resentencing.

*VACATED AND REMANDED*