**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4393**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SHAWN CREWS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:22-cr-00105-D-KS-1)

———————

Submitted:  September 30, 2024          Decided:  December 23, 2024

———————

Before GREGORY, THACKER, and RICHARDSON, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF**: G. Alan Dubois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Crews pled guilty, without a plea agreement, to three counts of distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Crews to a total term of 46 months' imprisonment.  On appeal, Crews argues that the district court violated his due process rights and abused its discretion at sentencing by refusing to admit polygraph evidence he proffered in opposition to a sentencing enhancement without hearing Crews's argument or evidence as to the polygraph's reliability and instead relying on other, undisclosed evidence to find the polygraph unreliable.  We affirm.

In general, "[w]e review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks and brackets omitted).  In determining procedural reasonableness, this Court considers whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the § 3553(a) factors, and sufficiently explained the selected sentence.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  If a sentence is free of "significant procedural error," we review the sentence for substantive reasonableness.  *Id.* at 51.

The Fifth Amendment requires that no person be deprived of liberty without due process of law.  U.S. Const. amend. V.  "Due process may be violated in sentencing by the use of inaccurate information" or "by sentencing on information whose accuracy a

2

defendant has not had a fair opportunity to challenge." *United States v. Inglesi*, 988 F.2d 500, 502 (4th Cir. 1993). In the context of sentencing enhancements, these principles mean that a defendant must receive notice of the enhancement so that he has "an opportunity to contest the validity or applicability of the [grounds] upon which the . . . enhancement is based." *United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018) (internal quotation marks and brackets omitted).

A district court must disclose any information on which it will rely in fashioning a sentence and give the parties a "reasonable opportunity to comment on that information." Fed. R. Crim. P. 32(i)(1)(B). Additionally, the court "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). As part of the sentencing proceedings, "[t]he court may permit the parties to introduce evidence on the objections." Fed. R. Crim. P. 32(i)(2).

As a general principle, "[n]o limitation shall be placed on the information . . . a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. However, the proffered evidence must have "sufficient indicia of reliability to support its probable accuracy." *United States v. Roy*, 88 F.4th 525, 531 (4th Cir. 2023) (internal quotation marks omitted). A district court's "determination that evidence is sufficiently reliable is reviewed for an abuse of discretion." *United States v. Kokinda*, 93 F.4th 635, 649 (4th Cir. 2024), *petition for cert. filed*, No. 24-5006 (U.S. July 1, 2024). Additionally, although "[w]e review evidentiary rulings implicating constitutional claims de novo," we review for abuse of discretion arguments that are

3

"couched in terms of . . . due process right[s]" but "are better framed as evidentiary arguments," such as challenges to a district court's refusal to admit certain evidence that it "deems irrelevant or immaterial." *United States v. Rand*, 835 F.3d 451, 459 (4th Cir. 2016) (internal quotation marks and brackets omitted); *see United States v. Malloy*, 568 F.3d 166, 177 (4th Cir. 2009) (same). "A court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Hicks v. Ferreyra*, 64 F.4th 156, 171 (4th Cir. 2023) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 555 (2024).

In accordance with these principles, the presentence report contained the information on which the district court relied to enhance Crews's sentence. Crews had notice of this information, a chance to develop an argument and evidence in response to that information, and an opportunity to be heard on the challenged enhancement at sentencing. The court allowed Crews to present evidence on the enhancement and, although the court rejected some of Crews's evidence as unreliable, it still allowed defense counsel to describe her conversations with Crews and his claims regarding the applicability of the enhancement. The court weighed this evidence against the Government's and ultimately found the Government's evidence more reliable due to various factors stated on the record. Furthermore, the court's decision to exclude the polygraph evidence was not based on a per se policy against such evidence or otherwise based on erroneous factual or legal premises, particularly given the long-standing, varied opinions about such evidence in this and other courts. *See United States v. Prince-Oyibo*, 320 F.3d 494, 497, 501 (4th

4

Cir. 2003) (upholding per se ban on polygraph evidence and recognizing that "results of an accused's or a witness's polygraph test are not admissible to bolster or undermine credibility"); *Ortega v. United States*, 270 F.3d 540, 548 (8th Cir. 2001) (collecting decisions upholding lower courts' refusals to admit polygraph evidence at sentencing); *see also United States v. Scheffer*, 523 U.S. 303, 309 (1998) (observing that "there is simply no consensus that polygraph evidence is reliable"). Therefore, we conclude that the district court's evidentiary ruling on the issue of the polygraph evidence constituted neither an abuse of discretion nor a violation of Crews's due process rights.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*