In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1701

STEVEN DOTSON,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:14-cv-1648 — **William T. Lawrence**, *Judge.*

ARGUED OCTOBER 3, 2019 — DECIDED FEBRUARY 3, 2020

Before WOOD, *Chief Judge*, and BARRETT and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. The Presentence Investigation Report on Steven Dotson listed six prior felony convictions, three of which the Probation Office identified as qualifying him for the enhanced mandatory minimum sentence of 15 years' imprisonment under the Armed Career Criminal Act. The PSR was silent on whether any of Dotson's other three convictions so qualified, and nobody raised the question at

sentencing. The district court agreed with the Probation Office and sentenced Dotson as a career offender to 188 months (15 years and 8 months).

In recent years, federal courts have seen a floodtide of litigation over what qualifies as an ACCA predicate. Dotson, too, has watched these developments, and he reacted by pursuing post-conviction relief under 28 U.S.C. § 2255. The district court denied relief, determining that Dotson has *four* qualifying ACCA predicates—the three originally designated as such in the PSR and one additional for burglary under Indiana law. Since the district court's decision, the law has continued to evolve and has since knocked out one of the three predicates the Probation Office originally determined qualified Dotson as an armed career criminal. The question presented is whether the government can save the enhanced sentence by substituting another of Dotson's convictions—one listed in the PSR as part of Dotson's criminal history but not designated as or found by the district court to be an ACCA predicate at sentencing.

In the circumstances before us, the answer is yes, owing not only to the substituted conviction being included in the indictment and later the PSR, but also to Dotson himself recognizing in legal filings and apparently believing (although mistakenly) that his Indiana burglary conviction had served as an ACCA predicate at his original sentencing. So, while we affirm, our decision is narrow and limited. The record leaves us no doubt Dotson believed his Indiana burglary conviction could serve to support and preserve his enhanced sentence.

**I**

In March 2011, a grand jury indicted Dotson for possessing a firearm following a prior felony conviction, a violation of 18 U.S.C. § 922(g). The indictment listed six prior felony convictions and likewise alleged that Dotson qualified for the minimum sentence Congress mandated in the Armed Career Criminal Act. See 18 U.S.C. § 924(e) (requiring a 15-year minimum sentence for anyone who violates § 922(g) and has three prior convictions for "a violent felony or a serious drug offense").

Following Dotson's conviction at a bench trial, the case proceeded to sentencing. The PSR recommended finding that Dotson qualified as an armed career criminal on the basis of these three convictions:

1.  Armed Robbery (Indiana 1992)

2.  Dealing in Cocaine (Indiana 1993)

3.  Attempted Robbery (Indiana 2007)

A separate portion of the PSR recounted Dotson's full criminal history by listing these same three felonies and the three others contained in the indictment:

4.  Burglary (Indiana 1993)

5.  Possession of Marijuana (Indiana 2000)

6.  Theft and Receipt of Stolen Property (Indiana 2001)

In the end, the PSR came to a recommended guidelines range of 235 to 293 months—driven largely by Dotson qualifying as an armed career criminal. See U.S.S.G. § 4B1.4.

At sentencing neither party objected to the PSR's account of Dotson's criminal history or determination that he

qualified as an armed career criminal for both statutory and guidelines purposes. Following its application of the factors in 18 U.S.C. § 3553(a) and mindful of the 15-year mandatory minimum Congress prescribed in ACCA, the district court sentenced Dotson to 188 months. We affirmed on direct review. See *United States v. Dotson*, 712 F.3d 369 (7th Cir. 2013).

In October 2014, Dotson invoked 28 U.S.C. § 2255 and sought a reduced sentence. Pointing to the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), he argued that his 1993 Indiana burglary conviction (#4 in our list above) no longer qualified as an ACCA predicate. That position reflected a misunderstanding on Dotson's part, for the district court at sentencing never considered or found that the Indiana burglary qualified as a violent felony. In a supplemental filing, Dotson also questioned whether his Indiana dealing in cocaine offense (#2) was an ACCA predicate.

The district court responded to Dotson's motion by appointing counsel. Dotson's counsel then repeated the same mistake in an amended § 2255 motion, arguing that neither the 1993 Indiana burglary conviction (#4) nor the 2007 Indiana attempted robbery conviction (#3) qualified as violent felony predicates. Nobody caught that the 1993 Indiana burglary conviction (#4) was not part of the basis on which the sentencing judge found Dotson to be an armed career criminal.

For its part, the district court likewise committed the same mistake, denying Dotson's § 2255 motion because, even if the 1993 Indiana dealing in cocaine conviction (#2) somehow did not constitute a serious drug offense within the meaning of § 924(e), his 1992 Indiana armed robbery (#1), 2007 Indiana attempted robbery (#3), *and* 1993 Indiana burglary (#4) convictions remained ACCA predicates. Put another way, in ruling

on Dotson's § 2255 motion, the district court started from the express (but mistaken) premise that it previously "found" at sentencing that Dotson "had three or more prior convictions that qualified as 'violent felonies' [or serious drug offenses]," including offenses #1 (armed robbery), #2 (dealing in cocaine), #3 (attempted robbery), *and* #4 (burglary). Nobody caught the mistake.

After the district court's denial of Dotson's § 2255 motion and request for a certificate of appealability, this court held that an Indiana conviction for attempted robbery is not a "crime of violence" within the meaning of ACCA. See *United States v. D.D.B.*, 903 F.3d 684, 692–93 (7th Cir. 2018). Dotson then sought, and we granted, a certificate of appealability in light of *D.D.B.*

## II

What happened during Dotson's present appeal frames the issue now before us. Our decision in *D.D.B.* meant that Dotson's 2007 Indiana attempted robbery conviction (#3) no longer qualifies as an ACCA predicate. From there, however, the government points to our decision in *United States v. Perry*, 862 F.3d 620 (7th Cir. 2017), where we held that Indiana burglary qualifies as a violent felony under ACCA, and urges us to rely upon—or, more accurately, to substitute—Dotson's 1993 Indiana burglary conviction (#4) to sustain his sentence as an armed career criminal. The government's requests and reasoning are straightforward: with the Indiana attempted robbery conviction (#3) out because of *D.D.B.* but the burglary conviction (#4) remaining a violent felony, Dotson still has three qualifying predicates (#1, #2, and #4) and remains an armed career criminal.

Not before now have we considered whether the government can substitute ACCA predicates after sentencing to save an enhanced sentence. We came the closest to the issue in *Light v. Caraway*, 761 F.3d 809 (7th Cir. 2014), and take some direction from our approach there.

Augustus Light had at least four adult felony convictions, three of which the PSR identified as ACCA predicates. See *id.* at 811. At sentencing, and without expressly stating which convictions qualified as ACCA predicates, the district court followed the Probation Office's recommendation and sentenced Light as a career offender. The Supreme Court then decided several cases addressing what did and did not qualify as ACCA predicates. The Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), had the effect of showing that Light's prior conviction for criminal vehicular operation under Minnesota law was not a qualifying violent felony under ACCA. But three years later came *Sykes v. United States*, 564 U.S. 1 (2011), which had the opposite effect for Light. *Sykes* made clear that Light's conviction under Minnesota law for fleeing in a car from a police officer—an offense that was not an ACCA predicate under the law in place at the time of Light's sentencing—did constitute a violent felony within the meaning of § 924(e). *Light*, 761 F.3d at 814.

The "net change" of these legal developments, we determined, was "zero." *Id.* This meant Light remained an armed career criminal: "Through intervening changes in the law, one of his prior predicate offenses for the ACCA enhancement no longer qualifies, but one that was not previously a qualifying predicate offense has become eligible." *Id.* More to it, we failed to "see why Light is entitled to a one-way ratchet, subject only to changes in law that benefit him but immune from

changes in law that are not helpful." *Id.* at 817. Nor were we persuaded by Light's contention of unfair notice—that the substituted offense (the fleeing-in-a-vehicle offense) was not an ACCA predicate at the time of sentencing. Given "the numerous recent cases elaborating on the scope of the ACCA's residual clause," we explained, Light could not claim any "undue surprise" that the changes in law could work in both directions to leave his sentence undisturbed. *Id.*

At the very least, *Light* counsels that our analysis here should ask whether fundamental unfairness arising from a lack of notice would befall Dotson by allowing his 1993 Indiana burglary conviction (#4) to sustain his sentence as an armed career criminal. On the record before us, we cannot answer the question in Dotson's favor.

*First*, recall that the indictment listed the burglary conviction among other prior felonies as part of charging a violation of § 922(g) *and* § 924(e)—the latter being an express reference to ACCA. The indictment, in short, informed Dotson the government may rely on his burglary conviction (#4) to show he had three qualifying ACCA predicates and thus would face an enhanced sentence upon a conviction.

*Second*, and more importantly, Dotson himself submitted at least four filings reflecting the belief, albeit a mistaken one, that the district court had counted the 1993 burglary conviction (#4) as a qualifying ACCA predicate at the original sentencing. He then saw his appointed counsel make the same mistake.

The punchline, then, is that these circumstances are far afield from a scenario where a defendant may be able to make a credible showing of undue surprise from allowing the

substitution of a particular felony conviction not relied upon at sentencing to save an ACCA sentence otherwise called into question by subsequent developments in the law. Dotson more than knew of this possibility: he and his counsel represented it as reality in several legal filings in the course of these § 2255 proceedings. In these circumstances, we see no unfairness in leaving intact Dotson's sentence as an armed career criminal.

We prefer this narrower reasoning to the broader strokes the Eleventh Circuit painted with in deciding the same question in *Tribue v. United States*, 929 F.3d 1326 (11th Cir. 2019). The court there held that, in opposing a § 2255 motion, the government may rely on a conviction to serve as an ACCA predicate even if the conviction was not among those listed in the PSR as, or determined at sentencing to be, a predicate. See *id.* at 1332 (observing that the defendant "raised no objection to his ACCA enhancement" and emphasizing that "the government did not waive reliance on other convictions in the [PSR] as ACCA predicates simply by not objecting to the [PSR] on the grounds that Tribue had more qualifying convictions than the three that the probation officer had identified as supporting the ACCA enhancement"). The Tenth Circuit seems to have reached a similar conclusion. See *United States v. Garcia*, 877 F.3d 944, 956 (10th Cir. 2017) (allowing, without express consideration of the issue, the post-sentencing substitution of a prior conviction not designated in the PSR as a violent felony predicate to save an ACCA sentence), abrog'd on other grounds by *United States v. Ash*, 917 F.3d 1238 (10th Cir. 2019).

By contrast, the Fourth Circuit has held that the government could not support an ACCA enhancement with a

conviction listed in the PSR but not previously designated at sentencing as a predicate. See *United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018). The court rooted its holding in the unfairness of the defendant having no notice—no reason at sentencing—to believe the court or government may react to a change in the law favorable to the defendant by relying on another of his prior convictions to preserve the ACCA sentence. The court put its holding this way: "when the Government or the sentencing court chooses to specify which of the convictions listed in the PSR it is using to support an ACCA enhancement, it thereby narrows the defendant's notice of potential ACCA predicates from all convictions listed in the PSR to those convictions specifically identified as such." *Id.* at 428.

While not siding with the Fourth Circuit's broader holding, we agree with its concerns about notice to defendants. Fair notice underpins due process precisely because it prevents surprise and affords opportunities to respond. Those principles are not offended here: Dotson himself believed and represented in multiple legal submissions that the district court counted his 1993 Indiana burglary conviction (#4) as an ACCA predicate at his original sentencing. While his view was mistaken, allowing the burglary conviction to sustain his sentence does not in our view offend principles of fair notice on these unusual facts.

So, too, do we worry about the consequences of a holding that, as a practical matter, risks producing expansive litigation at sentencing over whether each and every prior felony in a defendant's criminal history constitutes a qualifying ACCA predicate. The law in this area, at the risk of great understatement, is dizzyingly complex. The last outcome we want to risk is sentencing hearings turning into full-blown, prolonged,

and extraordinarily difficult exercises over questions where the answers may never matter. Judicial resources warrant better investment.

For these reasons, we AFFIRM.