IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-10579

————————————————

D.C. Docket No. 6:16-cv-00976-GKS-DCI


ALEX CORI TRIBUE,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.


————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————


Before ED CARNES, Chief Judge, WILSON, WILLIAM PRYOR, MARTIN, JORDAN, ROSENBAUM, JILL PRYOR, NEWSOM, BRANCH, GRANT, LUCK, and LAGOA, Circuit Judges.

BY THE COURT:

A petition for rehearing having been filed and a member of this Court in active service having requested a poll on whether this case should be reheard by the Court sitting en banc, and a majority of the judges in active service on this

Court having voted against granting a rehearing en banc, it is ORDERED that this case will not be reheard en banc.

MARTIN, Circuit Judge, joined by JILL PRYOR, Circuit Judge, dissenting from the denial of rehearing en banc:

Alex Tribue seeks review of his 170-month sentence.  In 2013, he pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine as well as one count of being a felon in possession of a firearm.  Before he was sentenced for these crimes, the Probation Department prepared a presentence investigation report ("PSR") that said Mr. Tribue's sentence is governed by the statute known as the Armed Career Criminal Act ("ACCA").  At the time of Mr. Tribue's sentence, and now, ACCA requires a sentence of at least 15 years for any person convicted of possessing a firearm, who, prior to committing this crime, already had three convictions for either a "violent felony or a serious drug offense."  18 U.S.C. § 924(e)(1).

When Mr. Tribue was sentenced, his PSR listed three—and only three—prior convictions as justifying an ACCA sentence for him.  Those were 2003 and 2009 convictions for delivery of cocaine as well as a 2006 conviction for "fleeing and eluding" under Florida law.  The PSR showed other criminal convictions for Mr. Tribue, but the Probation Department did not refer to or rely on any of them in recommending that Tribue be sentenced in accord with the 15-year minimum

required by ACCA.  The District Court adopted the PSR in full and sentenced Mr. Tribue to 170 months in prison.[1]

At the time Mr. Tribue was sentenced, ACCA defined a "violent felony" as any crime punishable by more than one year in prison that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).  The definition of a "violent felony" in subclause (i) is known as the "elements clause."  The beginning of subclause (ii) (i.e., everything preceding "or otherwise") is referred to as the "enumerated clause."  The rest of subclause (ii) is referred to as the "residual clause."

Two years after Mr. Tribue was sentenced, the Supreme Court decided Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  This decision struck down the residual clause of ACCA as unconstitutionally vague.  Id. at 2563.  After Johnson was decided, the Supreme Court told us that people (like Mr. Tribue) who were sentenced under ACCA before the Johnson decision are entitled

---

[1] Mr. Tribue was sentenced under the ACCA statute, but he was able to get a sentence 10 months below the statute's mandatory minimum sentence of 180 months.  This is because the government filed a motion pursuant to 18 U.S.C. § 3553(e) that relieved the sentencing judge of the obligation to impose a 15-year sentence.  This appeal still has consequences for Mr. Tribue, however, because if he had not been sentenced under ACCA, the maximum sentence the law would have allowed for his firearm offense would have been ten years.  See 18 U.S.C. § 924(a)(2).

to the retroactive benefit of its ruling.  See Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257, 1268 (2016).  In other words, a defendant who "would not have been sentenced as an armed career criminal absent the existence of the residual clause" is entitled to resentencing without an ACCA enhancement.  Beeman v. United States, 871 F.3d 1215, 1221 (11th Cir. 2017).

When Mr. Tribue learned that Johnson's interpretation of ACCA was intended to benefit people retroactively, he asked the District Court to resentence him pursuant to 28 U.S.C. § 2255.  He noted that his PSR identified only the three prior convictions (those from 2003, 2006 and 2009 mentioned above) as the predicates for his longer ACCA sentence.  He argued, in turn, that because his fleeing and eluding conviction could only have qualified as a violent felony under the residual clause of ACCA he is no longer subject to its 15-year mandatory minimum sentence.  He asked to be resentenced on this basis.  The government opposed Mr. Tribue's motion, urging the District Court now to rely upon another conviction—a 2007 conviction for delivery of cocaine—to qualify as his third conviction to meet ACCA requirements.  The government made this argument despite the fact that the 2007 conviction was not relied upon in the PSR as a basis for imposing an ACCA sentence, nor apparently by the sentencing judge when he imposed that sentence on Mr. Tribue in 2013.  Nevertheless, the District Court agreed with the government and denied Johnson relief to Mr. Tribue.  Mr. Tribue

was granted a certificate of appealability, but a unanimous panel of this Court affirmed the District Court's decision. See Tribue v. United States, 929 F.3d 1326, 1334 (11th Cir. 2019).

I believe the panel's ruling in Mr. Tribue's appeal is mistaken. When a defendant is sentenced under ACCA based on specified prior convictions, and then we learn, on collateral review, that fewer than three of the relied-upon convictions are still valid, this defendant is entitled to relief. The panel decision denying relief to Mr. Tribue erred in three respects. In my view, any one of these errors is reason enough to rehear this case en banc. First, the panel opinion incorrectly relieves the government of the burden of proving that Mr. Tribue is eligible for a longer sentence under ACCA and places the burden on him to prove he's not. Second, the panel opinion's analysis is based on an unreasonably narrow view of Eleventh Circuit precedent. Finally, the panel opinion creates a split with the Fourth and Seventh Circuits, which confronted the same question presented by Mr. Tribue's case and came out differently. These mistakes deprive Mr. Tribue of any ability to get the relief the Supreme Court made available to him (and people like him) in Johnson. And it does so by placing procedural barriers nowhere suggested by the Supreme Court when it invalidated ACCA's residual clause. This is why I asked our Court to rehear Mr. Tribue's case en banc. I dissent from its decision to leave Mr. Tribue to serve his flawed sentence.

6

## I.    THE PANEL OPINION REMOVES THE GOVERNMENT'S BURDEN OF PROVING ELIGIBILITY FOR ACCA.

This Court has long recognized that the government "bears the burden of proving that a sentencing enhancement under the ACCA is warranted." United States v. Lee, 586 F.3d 859, 866 (11th Cir. 2009).  The panel opinion departs from this rule by allowing district courts to rely on prior convictions, not considered by the court at the original sentencing, to keep in place the harsher ACCA sentence when a defendant seeks habeas corpus relief.  The burden of the government to show that a person is legally eligible for a harsher sentence under ACCA is fundamental to the integrity of federal sentencing.  This is particularly true of people serving ACCA sentences that have been called into question by rulings of the Supreme Court.  The government was never required to prove that Mr. Tribue's 2007 cocaine conviction meets the statutory requirements to justify his sentence under ACCA.  Yet now that Mr. Tribue seeks relief from his sentence by way of his § 2255 motion, the panel requires him to prove this 2007 conviction is not a proper basis for ACCA to apply.  See Beeman, 871 F.3d at 1221–22.

The panel opinion shifting the burden to Mr. Tribue is fundamentally unfair to him and others like him.  The Fourth Circuit has recognized as much.  That court has ruled that permitting the government to introduce new justifications for an ACCA sentence upon collateral review "unfairly deprive[s] petitioner[s] of an adequate opportunity to respond."  United States v. Hodge, 902 F.3d 420, 429 (4th

7

Cir. 2018) (second alteration in original) (quoting Giordenello v. United States, 357 U.S. 480, 488, 78 S. Ct. 1245, 1251 (1958)).  This is so not only because of the improper switch of the burden of proof, but also because the habeas process is a more demanding arena for inmates seeking relief.  A defendant who believes a prior conviction was unlawfully designated as an ACCA predicate at sentencing has the right to challenge that decision before the district court and appeal it to our Court.  When a challenge is raised in a habeas petition—as it must for prisoners bringing claims under Johnson and related decisions—"the opportunities for review . . . are far more limited," given the need to secure a certificate of appealability.  Id. at 430 (citing 28 U.SC. § 2253(c)(1)).  If the government wanted to use Mr. Tribue's 2007 cocaine conviction to support his ACCA sentence, it should have carried its burden of proving that conviction met the legal requirements at the time he was sentenced.  Mr. Tribue should have had the opportunity to challenge the propriety of using the 2007 conviction at the time the sentencing court was calculating his sentence.  His due process rights are violated by having the government now spring this new justification for his ACCA sentence upon him in the context of collateral review of his sentence.  See id. at 427, 430; see also Dotson v. United States, 949 F.3d 317, 321 (7th Cir. 2020) ("Fair notice underpins due process precisely because it prevents surprise and affords opportunities to respond.").

The panel justifies this impermissible switch in burdens in three ways. None relieve my concerns. First, the panel points out that Mr. Tribue did not dispute the factual existence of his 2007 cocaine conviction at any time during his sentencing proceedings. Tribue, 929 F.3d at 1332. That may be so, but the panel conflates the factual existence of Mr. Tribue's 2007 cocaine conviction with the question of whether it qualifies as a serious drug offense under ACCA. See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1120–21 (11th Cir. 2017) (Martin, J., dissenting). These are distinct questions with different burdens. Id. There is simply no justice in faulting Mr. Tribue because he did not raise a fruitless objection to the factual existence of his 2007 cocaine conviction, when this conviction was never raised at his sentencing hearing.

Second, the panel says Mr. Tribue's failure to object to the fleeing and eluding predicate "alone suffices" as a reason to deny him habeas relief. See Tribue, 929 F.3d at 1332. This ignores the development of the law, and the Supreme Court's direct instruction that inmates should be given retroactive relief under Johnson. At the time Mr. Tribue was sentenced, the state of the law was clear that his 2006 conviction for fleeing and eluding was a valid ACCA predicate. See United States v. Petite, 703 F.3d 1290, 1296, 1300–01 (11th Cir. 2013) (holding that Florida fleeing and eluding qualifies as a violent felony under ACCA's residual clause), abrogated by Johnson, 135 S. Ct. 2551. Ordinarily, we

9

expect litigants to seek relief from the courts only when they have a good-faith basis for asking the court for it. The panel's rule now imposes an after-the-fact duty upon federal defendants to make objections on any topic that could someday be the subject of constitutional challenges. In this way, the panel opinion invites the overtaxing of our federal courts, the defense bar, and federal prosecutors.

Finally, the panel says its rule is not, in fact, unfair: "If Tribue had no way to anticipate Johnson's invalidation of the residual clause in the ACCA, and therefore did not object, then the government equally did not either." Tribue, 929 F.3d at 1332. This statement equates the power of the prosecutor and the prosecuted. Mr. Tribue's 2007 conviction was available to support his ACCA sentence only if the government met its burden of showing that it was a proper predicate. See Lee, 586 F.3d at 866. Since the government never mentioned the 2007 conviction, Mr. Tribue had no reason to think the government was relying on it. Thus, the panel's suggestion that its rule disadvantages both parties equally is simply not so. The government gets to keep the longer sentence it always wanted for Mr. Tribue, while he is deprived of a fresh look at the acknowledged constitutional problems with the sentence that was imposed on him in 2013.

## II.    THE PANEL OPINION STRAYS FROM OUR CIRCUIT PRECEDENT.

The panel's decision to deny Mr. Tribue relief also deviates from two lines of Eleventh Circuit precedent. The first is a group of cases that holds the

10

government to its submissions at sentencing when examining an ACCA sentence retroactively. The second is Beeman, which sets forth a two-step inquiry governing all § 2255 petitions for Johnson relief.

### A. THE PANEL OPINION MISREADS CANTY, PETITE, AND BRYANT.

Our circuit has three published cases holding that the government may not change its position about which predicate convictions support an ACCA enhancement after the sentence has been imposed. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1279 (11th Cir. 2013), overruled on other grounds by McCarthan, 851 F.3d 1076 (en banc); Petite, 703 F.3d at 1292 n.2; United States v. Canty, 570 F.3d 1251, 1256–57 (11th Cir. 2009). Nevertheless, the panel opinion deprives Mr. Tribue of the benefits of this precedent by interpreting them so narrowly that they render him no assistance.

Our circuit's caselaw requires both the government and the defendant to object to the sentencing court's findings of fact and conclusions of law at the initial sentence hearing. Canty, 570 F.3d at 1256–57. When a district court imposes a longer sentence based on specified prior convictions and the government does not object, the government waives its right to later justify that sentence by substituting in another conviction later in the proceedings. Bryant, 738 F.3d at 1279; Petite, 703 F.3d at 1292 n.2.

11

The panel says a number of factors distinguish these cases from Mr. Tribue's. First, the panel rejects the relevance of Bryant and Canty by saying that "the defendants [in those cases] expressly objected to their ACCA classification at the original sentencing." Tribue, 929 F.3d at 1333. But again, this assertion creates a false equivalency. The question here is not whether Mr. Tribue waived an argument he should have raised earlier, but rather whether the government should have objected to the District Court's finding that Tribue's ACCA sentence was based on the three prior convictions identified in the PSR. Beyond that, the Bryant panel's waiver ruling had nothing to do with whether Mr. Bryant objected to a particular predicate conviction. Rather, Bryant said "the government waived this . . . issue" when it "never objected to" the district court's finding at sentencing "that Bryant had at most three qualifying predicate convictions." Bryant, 738 F.3d at 1279. The government's failure to object to the district court's reasons for imposing the ACCA sentence was all that mattered to the Bryant panel's decision to deny the government's effort to rely upon a new predicate offense on appeal. See id.

And then there is Petite. It said "[t]he government cannot offer for the first time on appeal a new predicate conviction in support of an enhanced ACCA sentence." 703 F.3d at 1292 n.2. Although this statement would seem to be directly on point with the question in Mr. Tribue's case, the panel discounts it as

12

"pure dicta." Tribue, 929 F.3d at 1334 n.10. It was not dicta. Even though the Court affirmed Mr. Petite's sentence, it still rejected the government's argument that it could avoid the question at the heart of his case by substituting in a conviction that had not been previously relied upon for his ACCA sentence. See Petite, 703 F.3d at 1292 n.2. As with Bryant and Canty, the panel notes that Mr. Petite "had objected [to his ACCA enhancement] at sentencing and on direct appeal." Tribue, 929 F.3d at 1334 n.10. But again here, this argument puts a burden upon Mr. Tribue to have objected to proof not offered by the government. Petite does not require this.

Third, the panel notes that in Canty the government explicitly disclaimed reliance on additional facts in the PSR, while in Mr. Tribue's case the government did not do so. Id. at 1333. But as I've said, this fact is not relevant to the legal question presented in Mr. Tribue's case. And more to the point, this fact was also not relevant to the Canty panel's holding that the government "is entitled to [only one] opportunity to offer evidence and seek rulings from the sentencing court in support of an enhanced sentence." Canty, 570 F.3d at 1257. The government's disclaimer of certain facts was relevant only to the remedy offered to Mr. Canty. See id. at 1256–57. Because the government disclaimed the facts, once Mr. Canty's sentence was vacated, his case was returned to the district court with instructions not to rely on those facts in resentencing him. Id. at 1257. This did

13

nothing to dilute <u>Canty</u>'s broader holding that the government must assert all grounds for an ACCA sentence at the original sentencing.  <u>See</u> <u>id.</u> at 1256–57.

Finally, the panel says, even if <u>Canty</u>, <u>Petite</u>, and <u>Bryant</u> say what Mr. Tribue and I read them to say, it doesn't matter because there is a more directly on-point case that allows us to reject Tribue's § 2255 petition.  The panel points to <u>United States v. Martinez</u>, 606 F.3d 1303 (11th Cir. 2010), which the panel says limited <u>Canty</u> to its facts and established that the government can introduce evidence of new and different predicates on collateral review.  <u>Tribue</u>, 929 F.3d at 1333 n.9.  However, <u>Martinez</u> was a direct appeal case that had nothing to do with a type of retroactive relief the Supreme Court has instructed us to make available to defendants serving faulty ACCA sentences.  <u>See</u> 606 F.3d at 1304.  Also, in <u>Martinez</u>, the record did not establish that the government waived reliance on the evidence allowed to be introduced on remand.  <u>See</u> <u>id.</u> at 1304–05.  But perhaps most importantly for our purposes, <u>Martinez</u> acknowledged that in <u>Canty</u> the government was properly denied a "second bite at the apple" because it had waived reliance on the evidence it subsequently sought to introduce.  <u>Id.</u> at 1304–05 (quotation marks omitted); <u>see also</u> <u>United States v. Washington</u>, 714 F.3d 1358, 1362 (11th Cir. 2013) (denying the government the ability to present additional evidence on remand when it was aware of the defendant's objection during sentencing).  In the same way that certain factors motivated this Court to allow

14

introduction of additional evidence in the resentencing of Mr. Martinez, there are "powerful reasons" to hold the government to its waiver at sentencing in this context.  See Martinez, 606 F.3d at 1306.

Our circuit precedent prevents the government from offering a prior conviction as an ACCA predicate after it failed to do so at the time of the sentence was imposed.  The panel's attempts to distinguish this precedent on their facts—facts that do not relate to our consideration of Mr. Tribue's legal claim—should not prevent us from remaining clear-eyed in our application of binding circuit law.[2]

B.  THE PANEL OPINION MISAPPLIES BEEMAN.

Under Beeman, a Johnson petitioner must make two showings before he can receive collateral relief.  First, he must show that his original ACCA sentence was imposed based solely on the residual clause.  Beeman, 871 F.3d at 1221.  Second, he must show he did not have at least three other prior convictions that could have qualified as a serious drug offense, or as a violent felony under either the enumerated clause or elements clause.  Id.  In Mr. Tribue's case, the panel never asks the step one question and heads straight to step two.  Tribue, 929 F.3d at 1331.  I acknowledge that Beeman uses the word "and" between steps one and

---

[2] I note that the Fourth Circuit has also read the line of cases I've discussed here to prevent the government from justifying an old ACCA sentence in new ways.  See Hodge, 902 F.3d at 430–31 (discussing Bryant and Petite); see also id. at 429 (citing Canty, 570 F.3d at 1256).

two, indicating a defendant must pass both.  I also acknowledge that I have expressed my disagreement with Beeman's test.  See Beeman v. United States, 899 F.3d 1218, 1226–29 (11th Cir. 2018) (Martin, J., dissenting from the denial of rehearing en banc); see also Beeman, 871 F.3d at 1228–30 (Williams, J., dissenting).  But this is not about that.  My difference with the panel is this:  I say that in order to read Beeman as a cohesive statement of the law, the "prior convictions" considered at step two must be limited to those that were considered by the sentencing court at the time it imposed the sentence.  In contrast, the Tribue panel opinion interprets Beeman to allow any conviction that was listed in the PSR to be resurrected on habeas review so as to keep the harsher ACCA sentence in place.  In practical application, the panel opinion's reading of Beeman reaps absurd results and strays from this Court's previous interpretation of Johnson.  In doing so, it denies Mr. Tribue and others like him the habeas relief they deserve.

Under the panel opinion's interpretation of Beeman, the district court may in all cases skip the question of whether the defendant was sentenced under the residual clause.  No matter the record at sentencing, a court reviewing a sentence in the collateral context may ask only whether the defendant had other prior offenses that could have supported that same sentence.  The first problem with this approach is that it treats similarly defendants who are, for relevant purposes, not alike.  For example, Mr. Tribue's is the rare case in which a defendant can show

16

that his ACCA sentence could only have been imposed by relying on the residual clause. See Br. of Appellee at 11. It is clear then, to me, that he is deserving of relief because he was "sentenced solely per the residual clause." See Beeman, 871 F.3d at 1224 n.5. But the panel opinion ignores this reality by asking whether any other facts exist that could have supported his sentence. In other words, the panel opinion treats Mr. Tribue identically to a defendant whose ACCA sentence was imposed without regard to any particular prior offenses.[3] This outcome does not strike me as logical or fair.

In addition, we know the panel opinion's decision to skip straight to step two strays from Beeman's heavy focus on the habeas court's search for the "historical fact." See 871 F.3d at 1224 n.5. Specifically, the Beeman Court said habeas courts must ask whether the defendant was "sentenced solely per the residual clause." Id. Again, the panel opinion ignores this crucial question. Beeman also refers to a § 2255 movant losing on his petition because of a "silent record." Id. at 1224–25 & nn.4, 5. I have always understood this to mean, on the one hand, that if a § 2255 petitioner is penalized for a silent record, then, on the other hand, someone like Mr. Tribue (who can show how his sentence was a product of the residual clause) would fare better. Not so under the ruling of the Tribue panel.

---

[3] Worse, the panel opinion's approach would deny relief even to a defendant who was told by the sentencing court, "I am sentencing you based solely on the residual clause."

17

The panel opinion's approach to <u>Beeman</u> means step one can only be used when it disqualifies someone like Mr. Tribue from getting relief but not when it qualifies him for relief.  This approach is not in keeping with <u>Beeman</u>, which requires that we look to what happened at sentencing.  Our review was meant to be limited to what the sentencing court considered at the time it imposed sentence.

## III.    THE PANEL OPINION CREATES A CIRCUIT SPLIT.

Finally, the panel opinion creates a split between our Court and the Fourth Circuit, which confronted the same question as Mr. Tribue's panel, but came out the opposite way.  <u>See</u> <u>Hodge</u>, 902 F.3d at 427–31.  The <u>Tribue</u> panel opinion is also out of step with the Seventh Circuit, which adopted a rule for deciding when petitioners like Mr. Tribue are entitled to relief.  <u>See</u> <u>Dotson</u>, 949 F.3d at 321.  Our Court's departure from the thoughtful rulings of these circuits counsels in favor of rehearing Mr. Tribue's case.

### A. THE FOURTH CIRCUIT'S RULING IN <u>HODGE</u>

In <u>Hodge</u>, the Fourth Circuit confronted facts that are, for our purposes, identical to those of Mr. Tribue's case.[4]  <u>See</u> 902 F.3d at 423–25.  Garnett Hodge was convicted of possession with intent to distribute crack cocaine and being a

---

[4] I recognize that the Fourth Circuit has a different standard than the Eleventh Circuit for § 2255 movants seeking <u>Johnson</u> relief.  <u>See</u> <u>United States v. Winston</u>, 850 F.3d 677, 682 (4th Cir. 2017) (stating that a <u>Johnson</u> movant succeeds by showing that his sentence "may have been" predicated on application of the residual clause).  But this standard was immaterial to the holding in <u>Hodge</u>.

felon in possession.  Id. at 423.  He received an ACCA sentence based on three prior convictions the PSR identified as predicates for the longer sentence.  Id. at 423–24.  The PSR mentioned other prior convictions but did not designate them as ACCA predicates.  Id. at 424.  Neither the sentencing court nor the government discussed which of Mr. Hodge's prior convictions it was relying upon to impose his ACCA sentence.  Id.  The district court generally adopted the PSR without change.  Id.  Mr. Hodge appealed his sentence, but his appeal was dismissed based on an appeal waiver in his plea agreement.  Id.  He also filed an unsuccessful § 2255 petition in 2014.  Id.  Then in 2016, Mr. Hodge received permission to file a second § 2255 petition in light of Johnson.  Id. at 424–25.

In his habeas petition, Mr. Hodge argued that his ACCA sentence was no longer valid because one of the three convictions used to support his sentence was for reckless endangerment.  Id. at 425.  The government argued that Mr. Hodge still qualified for the enhancement based on another prior felony drug conviction. Id.  But this conviction had not been one of the three identified in the PSR as supporting Mr. Hodge's ACCA sentence.  Id. at 424–25. The district court denied the § 2255 petition.  Id. at 425.

The Fourth Circuit reversed the decision denying Mr. Hodge's petition.  It ruled that the government had one chance—sentencing—to prove Mr. Hodge had enough ACCA-qualifying predicate convictions to be sentenced under that statute.

19

Id. at 427–28. The court reasoned that Mr. Hodge's failure to object to additional prior convictions could not be held against him because he was not on notice that those convictions could ever be used as ACCA predicates. Id. at 428. To force the defendant to object in this circumstance "would undermine the adversarial process: It would place defense counsel in the precarious position of flagging potential predicates that neither the U.S. Probation Office nor the Government had contemplated, likely to the defendant's detriment." Id. The court was not moved by the government's argument that the PSR failed to designate the additional conviction as an ACCA predicate because doing so would have been "unnecessary." Id. at 428 n.4. Much as the defendant's failure to object to the PSR constitutes a waiver of those objections on collateral review, so too must that rule be applied to the government. Id. at 428–29. Also, permitting the government to substitute convictions on collateral review "would unfairly deprive petitioners of an adequate opportunity to respond." Id. at 429 (alteration adopted and quotation marks omitted). This is so because of the different burdens at sentencing and on collateral review, as well as the "far more limited" nature of collateral review, given the need for petitioners to secure a certificate of appealability. Id. at 429–30. Finally, I share the Fourth Circuit's view regarding our (pre-Tribue) circuit case law, when it said that "the Eleventh Circuit has reached the same conclusion." Id. at 430–31 (discussing Bryant and Petite).

20

B. THE SEVENTH CIRCUIT'S RULING IN DOTSON

The Seventh Circuit recently confronted its own version of Mr. Tribue's case. Steven Dotson received an ACCA sentence based on a discrete list of three predicates, one of which may no longer qualify as an ACCA predicate. Dotson, 949 F.3d at 319. The Seventh Circuit denied Mr. Dotson's petition for habeas corpus but did so in a way that highlights the mistaken approach our circuit has taken.

The question in Dotson was whether "fundamental unfairness arising from a lack of notice" resulted from the substitution of a new conviction as an ACCA predicate that had not been mentioned at the time of sentencing. Id. at 320. The Seventh Circuit held that no unfairness resulted for Mr. Dotson because his own legal filings "reflect[ed] the belief, albeit a mistaken one," that the additional predicate counted "as a qualifying ACCA predicate at the original sentencing." Id. at 321. Because Mr. Dotson could not credibly claim "undue surprise from allowing the substitution of a particular felony conviction not relied upon at sentencing," the court rejected his petition. Id.

The Seventh Circuit expressly disagreed with the "broader strokes" the Tribue panel used "in deciding the same question." Id. Our sister circuit recognized that this Court's holding in Tribue does not take account of the unfairness resulting from lack of notice to the defendant. Id. The Dotson court

21

also agreed with the Fourth Circuit's concerns regarding "the unfairness of the defendant having no notice—no reason at sentencing—to believe the court or government may react to a change in the law favorable to the defendant by relying on another of his prior convictions to preserve the ACCA sentence." Id.  Holding the government to its representations at sentencing—or, at least, what the defendant believed those to be—is a matter of due process.  See id.

Both the Fourth and Seventh Circuits thus reject the approach our Court took in Mr. Tribue's case—where the first time any party mentioned the possibility of relying on a new and different conviction to justify Tribue's ACCA sentence was after he filed his § 2255 petition.

## IV.    CONCLUSION

I hoped our Court would rehear this case en banc.  It presents a worthy topic with an immediate impact on the liberty of so many people sentenced in this circuit.  It doesn't seem too much to ask that inmates who receive prolonged ACCA sentences hear specifically from the government its legal basis for seeking the extended prison sentence.  The government should affirmatively identify the particulars of a defendant's criminal history that cause it to seek an ACCA sentence.  If such a rule were enforced here, Mr. Tribue's ACCA sentence would be vacated, and he would be resentenced facing a statutory maximum of ten years for his gun charge.

22

The <u>Tribue</u> panel opinion leaves in place Mr. Tribue's sentence, which was imposed, in part, based on an unconstitutional statutory definition of what is a violent felony.  I respectfully dissent from the Court's decision not to rehear his case.