NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2022
Decided March 11, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-3067

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 3:19CR00134-001 |
| | |
| FARKHANDA MUHAMMAD, | James D. Peterson, |
| *Defendant-Appellant*. | *Chief Judge*. |

# O R D E R

Farkhanda Muhammad pleaded guilty to social security fraud after helping individuals apply for rental apartments with false social security numbers and identities. See 42 U.S.C. § 408(a)(7)(B). The district court sentenced her to six months in prison and three years of supervised release. Muhammad appeals, but her appointed counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and discusses the potential issues that an appeal like this would be expected to involve. Because counsel's analysis appears thorough, and Muhammad has not responded to the

motion, see CIR. R. 51(b), we limit our review to the potential issues counsel identifies. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Muhammad charged clients for securing apartments in Madison and Chicago using aliases she created with counterfeit documents—social security numbers, driver's licenses, and pay stubs. Altogether she rented about 15 apartments, and her finder's fee was $1,500 for each apartment. Many of her clients failed to pay rent, causing the landlords to lose approximately $18,000. One client, Martel Norris, even used the apartments to distribute cocaine. And several individuals suffered damage to their credit scores when she used their actual social security numbers (though she denies knowing that the numbers were real).

Counsel consulted with Muhammad and confirmed that she wishes to challenge only her sentence, not the validity of her guilty plea. Counsel thus properly refrains from exploring the adequacy of the plea colloquy or the voluntariness of the plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel considers whether Muhammad could challenge the calculation of her guidelines range—specifically, the court's application of a two-level enhancement because her offense involved an "authentication feature." U.S.S.G. § 2B1.1(b)(11)(A)(ii). Counsel concedes that Muhammad could raise a non-frivolous argument that social security numbers are not authentication features, which are defined in the federal identity-theft statute as "any hologram, watermark, symbol, code, image, sequence of numbers or letters, or other feature that … is used by the issuing authority … to determine if the document is counterfeit." 18 U.S.C. § 1028(d)(1). Even so, counsel tells us, the error is harmless because a two-level increase "likely applies" under a different guidelines subsection: U.S.S.G. § 2B1.1(b)(11)(C)(i). That provision applies when the offense involves "the unauthorized transfer or use of any *means of identification* unlawfully to produce or obtain any *other means of identification*." *Id.* (emphasis added). Counsel tells us that this provision could apply to Muhammad because she used social security numbers to obtain apartment leases, which, "though … not a traditional means of identification … certainly [could] be used to prove residency, and … likely constitutes [a] means of identification."

We disagree that it would be frivolous for Muhammad to challenge her sentence. To begin, harmless error may not apply. The government can forfeit harmless error review, see *Rhodes v. Dittman*, 903 F.3d 646, 664 (7th Cir. 2018), and it may have done so here by failing to object to the absence of the § 2B1.1(b)(11)(C)(i) enhancement from the

Presentence Investigation Report. See *United States v. Robinson*, 964 F.3d 632, 641 (7th Cir. 2020). In any event, to decide if a sentencing error is harmless, we consider whether the government can show that on remand the sentence imposed would be identical. *United States v. Hines-Flagg*, 789 F.3d 751, 757 (7th Cir. 2015). And in doing so "we have historically looked for an unequivocal statement by the sentencing court that it would have imposed the same sentence under a correct application" of the guidelines. *Id.* Here the court made no such statement. Moreover, Muhammad is entitled to fair notice and a chance to object at sentencing that § 2B1.1(b)(11)(C)(i) does not apply. See *Dotson v. United States*, 949 F.3d 317, 321 (7th Cir. 2020).

Even if one guideline could replace another, we do not agree with counsel that it would be frivolous for Muhammad to argue that an apartment lease is not a "means of identification" under U.S.S.G. § 2B1.1(b)(11)(C)(i). Leases typically contain a name and an address, but a name and an address are not uniquely identifying details because they can be associated with more than one person. The statute sets forth examples of acceptable identifying information, including driver's licenses, passport numbers, taxpayer or employer identification numbers, alien registration numbers, and biometric data. See 18 U.S.C. § 1028(d)(7). And we have concluded that Medicare numbers, gun permits, and personal identification numbers are all means of identification under the statute. See *United States v. Roy*, 819 F.3d 998, 1002 (7th Cir. 2016); *United States v. Spears*, 729 F.3d 753, 755 (7th Cir. 2013); *United States v. Vasquez*, 673 F.3d 680, 686–87 (7th Cir. 2012). As the Third Circuit has stated, the examples set forth in § 1028(d)(7) are "unique means of identification, primarily numbers" that "specifically … identify one particular individual." *United States v. Hawes*, 523 F.3d 245, 251–53 (3d Cir. 2008) (characterizing name and address as attributes of one's identity but not a means of identification because they do not uniquely identify an individual). Though we express no view on the merits of the argument, it would not be frivolous to argue that a lease does not sufficiently identify an individual for purposes of § 2B1.1(b)(11)(C)(i).

Counsel's motion to withdraw is therefore DENIED, and the parties are ORDERED to brief whether the district court's error is harmless, whether an apartment

lease is a means of identification, and any other potentially meritorious issue. Briefing will proceed as follows:

1.  The appellant's brief and required short appendix are due by April 11, 2022.

2.  The appellee's brief is due by May 11, 2022.

3.  The appellant's reply brief, if any, is due by June 1, 2022.

Important Scheduling Notice!

Hearing notices are mailed shortly before the date of oral argument. Please note that counsel's unavailability for oral argument must be submitted by letter, filed electronically with the Clerk's Office, no later than the filing of the appellant's brief in a criminal case and the filing of an appellee's brief in a civil case. *See* Cir. R. 34(b)(3). The court's calendar is located at http://www.ca7.uscourts.gov/cal/argcalendar.pdf. Once scheduled, oral argument is rescheduled only in extraordinary circumstances. *See* Cir. R. 34(b)(4), (e).