NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2021
Decided March 21, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2140

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:18-cr-00482 |
| DEMETRIUS HARVEY, *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

**O R D E R**

Demetrius Harvey appeals his sentence for illegally possessing firearms. At sentencing, the judge assessed a 4-level enhancement for firearms trafficking, U.S.S.G. § 2K2.1(b)(5), because Harvey sold guns to a felon. The parties now agree that selling guns to a felon does not justify an enhancement under (b)(5). But the government argues that the error was harmless because the same conduct supports a 4-level enhancement under another guideline, U.S.S.G. § 2K2.1(b)(6)(B), that it never invoked in the district court. We conclude that the government has not shown harmlessness. The

government never raised (b)(6)(B) at sentencing or objected to its exclusion from the presentence investigation report; thus, the parties should litigate the matter before the sentencing judge, who needs to decide in the first instance whether (b)(6)(B) applies. We vacate and remand.

Harvey pleaded guilty to possessing a firearm as a felon after selling guns to a confidential source. 18 U.S.C. § 922(g)(1). His presentence report ("PSR") calculated an adjusted offense level of 23 and a criminal history category of IV, leading to a range of 70 to 87 months' imprisonment under the Sentencing Guidelines.

At sentencing, Harvey contested the PSR on several fronts, only one of which is relevant on appeal. Harvey argued that the evidence was insufficient to apply a 4-level enhancement for trafficking firearms under U.S.S.G. § 2K2.1(b)(5). That enhancement requires the prosecution to show that Harvey knowingly sold to a person who "has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence." U.S.S.G. § 2K2.1(b)(5) n.13(B). The prosecution responded that the enhancement was supported by a recording of Harvey selling guns to a person who told him "I'm a felon, I can't get those MF'ers." The district court concluded that this recording justified the (b)(5) enhancement. Some of Harvey's other PSR challenges were successful, and ultimately the court settled on an adjusted offense level of 23 and a criminal history category of III, yielding a guidelines range of 57 to 71 months' imprisonment.

The court then turned to the sentencing factors under 18 U.S.C. § 3553(a). It emphasized that the sale of illegal guns was troubling but noted that Harvey's childhood was "terrible" and his sales were driven by worsening mental health combined with—and exacerbated by—his desire to support his young family. Considering all of this, the court sentenced Harvey to 60 months' imprisonment, near the bottom of the recommended range.

Harvey now argues—and the government concedes—that the court erred in applying the § 2K2.1(b)(5) trafficking enhancement. The government presented no evidence, and the court did not find, that Harvey sold to a person who "has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence." U.S.S.G. § 2K2.1(b)(5) n.13(B). Critically, (b)(5) cannot be applied just because a sale was knowingly made to a felon. *Id.*

But reversal is unnecessary, the government argues, because the error is harmless. Sentencing errors can indeed be harmless. *United States v. Abbas*, 560 F.3d 660,

666 (7th Cir. 2009). To support harmlessness, the government invokes another guideline providing a 4-level enhancement, § 2K2.1(b)(6)(B). The guideline applies when the defendant had "reason to believe" a transferred gun "would be used or possessed in connection with another felony offense." The government urges that the same conduct and evidence that the district court considered in applying (b)(5) justifies the (b)(6)(B) enhancement, because Harvey had "reason to believe" that he was selling a gun to a felon, which is a "felony offense."

Before we analyze this argument, we address two threshold issues that Harvey raises. First, he argues that the government waived its argument because it strategically chose not to raise the (b)(6)(B) issue in the district court. Its decision was strategic in the sense that seeking both enhancements for the same conduct would have been impermissible double counting. U.S.S.G. § 2K2.1 n.13(D); *United States v. Johns*, 732 F.3d 736, 740 (7th Cir. 2013) (vacating sentence because court applied both (b)(5) and (b)(6)(B) for same conduct). But so long as the record supports an appellee's argument, its absence from the district court is not a waiver. *St. Joan Antida High Sch. Inc. v. Milwaukee Pub. Sch. Dist.*, 919 F.3d 1003, 1008 (7th Cir. 2019); *see also United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924). Second, Harvey argues that the cross-appeal doctrine, which prevents an appellee who has not cross-appealed from enlarging its victory, blocks this argument. *See Greenlaw v. United States*, 554 U.S. 237 (2008). But the government is seeking to preserve the sentence, not enlarge it.

Even so, the government is incorrect that the error is harmless. The error here, as the government notes, is unlike other sentencing errors that we have ruled were harmless. The cases with harmless sentencing errors that the government cites do not involve the substitution of a different enhancement in place of an erroneous one. Nevertheless, the government insists that the sentence will inevitably be the same on remand because, on this record, (b)(6)(B) will supply the same 4-level enhancement. In its view, the record compels a finding that Harvey had "reason to believe" that he sold guns to a felon, a "felony offense" that justifies a (b)(6)(B) enhancement. Three reasons persuade us that the government's view of inevitability is wrong.

To begin, although waiver does not block review, "the government can forfeit harmless error review." *See Rhodes v. Dittman*, 903 F.3d 646, 664 (7th Cir. 2018). For (b)(6)(B) to be an alternative to (b)(5), the government should have objected to the absence of the former enhancement from the PSR and proven to the district court at sentencing, where the defendant could respond, that it applied. *See United States v. Robinson*, 964 F.3d 632, 641 (7th Cir. 2020) (failure to object to PSR is binding on appeal).

The government, however, made no mention of (b)(6)(B) at sentencing, did not object to its absence, and did not give Harvey a chance in the district court to respond. Under these circumstances, the government may have forfeited harmless-error review.

Forfeiture aside, we see two other reasons why harmless error does not apply. First, although the government argues that its record for the (b)(5) enhancement foreordains a finding that (b)(6)(B) applies, that is not necessarily so. Confronted with the (b)(6)(B) issue for the first time on appeal, Harvey argues that the confidential source on the recording may have had his right to lawfully carry a firearm restored, which in his view means that the sale to him was not a "felony offense" and therefore (b)(6)(B) does not apply. The government responds that even if the source could lawfully carry a gun, his assertion on the recording to Harvey that he's "a felon" gave Harvey "reason to believe" that transferring the gun to him was a "felony offense," thus justifying the enhancement.

The problem is that, even if the government may likely be correct, these dueling contentions require "a factual determination 'for the district court to make in the first instance.'" *Johns*, 732 F.3d at 740 (quoting *United States v. Kimoto*, 588 F.3d 464, 496 (7th Cir. 2009) (remanding for district court to decide whether enhancement applied even though the record suggested a nearly certain conclusion)); *see also United States v. Avila*, 557 F.3d 809, 822–23 (7th Cir. 2009) (remanding despite government's argument for harmless error that had support in the record). Moreover, Harvey is entitled to fair notice and a chance to object at a sentencing that (b)(6)(B) does not apply. *See Dotson v. United States*, 949 F.3d 317, 321 (7th Cir. 2020).

Next, even if one guideline could replace another, the sentencing error here would still not necessarily be harmless. To decide if a sentencing error is harmless, we consider whether the government can show that on remand the sentence imposed would be identical. *United States v. Hines-Flagg*, 789 F.3d 751, 757 (7th Cir. 2015). And "we have historically looked for an unequivocal statement by the sentencing court that it would have imposed the same sentence under a correct application" of the guidelines to decide that an error was harmless. *Id*. Here the judge did not state unequivocally that the sentence would stand regardless of the guidelines used.

Because we cannot say that the application of (b)(5) was harmless error, and a resentencing may lead to a lower sentence, Harvey is entitled to resentencing. At resentencing, the district court is free to decide what effect the government's earlier failure to object to the PSR, Harvey's restoration-of-rights argument, or other arguments have on the applicability of a (b)(6)(B) enhancement. If it decides that (b)(6)(B) does not

apply to Harvey's adjusted offense level, the offense level would drop to 19, yielding a reduced sentencing range of 37 to 46 months' imprisonment. U.S.S.G. ch. 5 pt. A. And if the sentencing judge again decides to sentence Harvey at the low end of the guidelines range, that would substantially reduce Harvey's current 60-month sentence. Alternatively, if the district court decides that (b)(6)(B) applies, it is nonetheless free to reassess the sentencing factors under § 3553(a). *Pepper v. United States*, 562 U.S. 476, 490–93 (2011). We therefore VACATE and REMAND for resentencing.