**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4804**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ROBERT LEE HOLDEN, JR.,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00104-D-1)

_____

Submitted:  June 2, 2022                                          Decided:  July 22, 2022

_____

Before GREGORY, Chief Judge, and KING and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Robert Lee Holden, Jr., was convicted of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count 2), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count 3). The district court imposed a within-Sentencing Guidelines sentence of 264 months' imprisonment, consisting of 120 months on Count 2 and a concurrent 264 months on Count 3. Holden timely appealed, raising several claims. For the reasons that follow, we affirm.

Holden first argues that the district court improperly denied his motion to suppress evidence seized from his trailer, claiming that any consent that he gave was involuntary because he was impaired by drugs and alcohol and was handcuffed. "In reviewing a district court's ruling on a motion to suppress, this Court reviews conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (cleaned up). "When reviewing factual findings for clear error, [this Court] particularly defer[s] to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (internal quotation marks omitted). "Absent compelling evidence to the contrary, this Court [will not] overturn a factual determination founded on witness demeanor and credibility." *United States v. Locklear*, 829 F.2d 1314, 1317 (4th Cir. 1987). When the district court denies a defendant's motion to suppress, this Court construes "the evidence in the light most favorable to the government." *Clarke*, 842 F.3d at 293 (internal quotation marks omitted).

2

Although the Fourth Amendment generally requires a law enforcement officer to obtain a warrant in order to search a home, "certain categories of permissible warrantless searches have long been recognized," such as "consent searches." *Fernandez v. California*, 571 U.S. 292, 298 (2014). "Consent to search is valid if it is (1) knowing and voluntary, and (2) given by one with authority to consent." *United States v. Buckner*, 473 F.3d 551, 554 (4th Cir. 2007) (cleaned up). "The question whether consent to search is voluntary— as distinct from being the product of duress or coercion express or implied—is one 'of fact to be determined from the totality of all the circumstances.'" *United States v. Azua-Rinconada*, 914 F.3d 319, 324 (4th Cir. 2019) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)). "In viewing the totality of the circumstances, it is appropriate to consider the characteristics of the accused (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the consent to search was given (such as the officer's conduct; the number of officers present; and the duration, location, and time of the encounter)." *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). Whether a defendant voluntarily consented to a search is reviewed for clear error, and "a reviewing court may not reverse the decision of the district court that consent was given voluntarily unless it can be said that the view of the evidence taken by the district court is implausible in light of the entire record." *Id.* at 650-51.

At the suppression hearing, the arresting officers first gave their account. They testified that they responded to a call of shots fired and proceeded in the direction that the complainant told them the suspect had headed. As they approached three trailers, Holden came out of one of the trailers holding a weapon. The officers ordered him to drop it, which

3

he did, and then they handcuffed him for detention and questioned him. One of the officers recognized Holden and knew he was a convicted felon. The officer asking questions detected the odor of alcohol on Holden, but the other one did not. The officers testified that Holden was steady, his speech was not slurred, and he did not appear impaired. The weapon turned out to be a water gun and when the officers asked him if he had other guns, Holden said no but told the officers they could look if they wanted. One of the officers then turned around and saw through the open door to the trailer that there was a handgun on an ottoman. He went inside and unloaded the gun for safety and put it back where it had been for the crime scene investigation.

Holden denied having a water gun, denied giving permission for the officers to enter his trailer, denied that the trailer door was wide open and that the officers could see into it. He claimed that he was impaired by alcohol and drugs. He also denied leaving the gun on the ottoman, claiming that it was behind other items on an adjacent coffee table.

The district court found the officers' testimony credible and that Holden consented to the search and, further, that Holden committed perjury. We conclude that the district court did not clearly err in crediting the officers' testimony over that of Holden and determining that Holden was not impaired when he gave his consent. Furthermore, although the officers had initially drawn their weapons and Holden was handcuffed, the situation was diffused because the officers had put away their weapons and were engaging in conversation with Holden at the time he gave his consent to search. *See, e.g., United States v. Watson*, 423 U.S. 411, 424 (1976) (concluding that the defendant's consent to search automobile was voluntary and valid, despite the fact that he had been arrested and

4

was in custody, and noting "the fact of custody alone has never been enough in itself to demonstrate a coerced ... consent to search"); *United States v. Boone*, 245 F.3d 352, 363 (4th Cir. 2001) (finding consent voluntary where the defendant cooperated with police and although "handcuffed during his interaction with law enforcement, he never asked to leave, was cooperating, and even engaged in small talk with the officers"). We conclude that under the totality of the circumstances, the district court did not clearly err in concluding that Holden validly consented to the search.

At the suppression hearing, the district court held that Holden committed perjury by testifying falsely regarding several material matters. The court announced that if Holden was ultimately convicted of any of the charges, at sentencing he would not receive an acceptance of responsibility reduction and would receive an obstruction of justice enhancement. Several months later, pursuant to 28 U.S.C. § 455(a), Holden filed a motion for the district court to recuse itself from further proceedings in the case based on judicial bias in light of the court's remarks at the suppression hearing. On appeal, he challenges the district court's denial of the recusal motion.

We review a recusal decision for abuse of discretion. *Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 167 (4th Cir. 2014); *United States v. Whorley*, 550 F.3d 326, 339 (4th Cir. 2008). A district court should grant a motion for recusal if the court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). For example, a judge must recuse himself when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). However,

5

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Even "remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.*

Holden's recusal motion was premised on the district court's determination that he committed perjury during the suppression hearing and that this would affect his Guidelines calculations if he were ultimately convicted. However, "judicial rulings alone . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required" for recusal. *Liteky*, 510 U.S. at 555. The district court identified several instances where Holden's testimony at the suppression hearing directly contradicted the officers' testimony on material points. We conclude that the district court's remarks did not demonstrate deep-seated antagonism or bias against Holden and we discern no abuse its discretion in the court's denial of the motion for recusal.

Next, Holden contends that the district court improperly designated him an armed career criminal. Holden was deemed an armed career criminal because he had at least three prior violent felony convictions, including three North Carolina breaking and entering convictions. He argues that these convictions do not qualify as violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because the "building" element of North Carolina breaking or entering is broader than that of generic burglary. However, this argument is foreclosed by our decision in *United States v. Mungro*, 754 F.3d

6

267, 272 (4th Cir. 2014).[*] *See United States v. Dodge*, 963 F.3d 379, 382-84 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1445 (2021).

The district court sentenced Holden to 120 months' imprisonment on Count 2, and a concurrent 264 months' imprisonment on Count 3, a sentence in the middle of the 235- to 293-month advisory Sentencing Guidelines range. Holden argues that the district court failed to adequately explain his sentence or why it rejected his request for at or below the low end of the Guidelines range.

"This Court 'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, [this Court] 'ensure[s] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51). "If the Court finds no significant procedural error, it then considers

---

[*] Moreover, although Holden argues for the first time on appeal that the district court improperly failed to identify the convictions it relied upon to designate him an armed career criminal, the three breaking and entering convictions were listed as ACCA predicates in the presentence report and therefore he was on notice that they would be used to support the ACCA enhancement. *Cf. United States v. Holden*, 902 F.3d 420, 427 (4th Cir. 2018).

7

the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up). "Specifically, a district court's explanation should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id.* at 212-13 (cleaned up).

Here, the district court imposed a sentence in the middle of the Guidelines range. The court considered the arguments of both parties and Holden's allocution and addressed the § 3553(a) factors on the record.   Taking into account, the nature and circumstances of the offenses, the court explained that would not impose the statutory mandatory minimum 15-year sentence Holden requested because of the seriousness of the offenses.  The court also considered Holden's history and characteristics, noting that alcohol abuse contributed to his "lengthy criminal history," including breaking and entering convictions, numerous DWI's, and various violent crimes, including assault on a female, and assault with a deadly weapon inflicting serious injury, and expressed the great need for incapacitation and just punishment.  We conclude that the court provided an adequate explanation for the sentence imposed.

"If the sentence 'is procedurally sound, [this Court] . . . then consider[s] the substantive reasonableness of the sentence,' taking into account the totality of the

8

circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting

Gall, 552 U.S. at 51). A sentence within the Guidelines range is presumptively reasonable.

*United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019) (citation omitted). A

defendant can only rebut the presumption by showing the sentence is unreasonable when

measured against the 18 U.S.C. § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295,

306 (4th Cir. 2014). While Holden contends that the district court imposed a sentence that

was greater than necessary to meet the sentencing goals of § 3553(a), in our view the

district court's reasoned explanation justified the sentence and Holden fails to rebut the

presumption of reasonableness accorded his within-Guidelines sentence.

Finally, we note that in his opening brief, Holden asserted that the district court

erred by failing to instruct the jury that, in order to establish that he was guilty of the

§ 922(g) offense, the Government was required to prove that Holden knew he was

prohibited from possessing a firearm. Holden subsequently conceded that this argument is

foreclosed by *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) (holding that in felon

in possession cases, the Government must prove that defendant knew both that he

possessed a firearm and that he was felon when he possessed the firearm).

Accordingly, we affirm the criminal judgment. We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*AFFIRMED*

9